IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LEIGH M. OLSEN,     )   HABEAS CORPUS
            )   ACTION
  PETITIONER,    )
            )   DOCKET #
VS.          )
            )
STEVEN O'BRIEN,    )
SUPT.N.C.C.I.,     )   **04-40178** FDS
            )
KATHERINE DENNEHY   )
COMMISSIONER,     )
MASS.DEPT.OF CORR.   )
            )
  RESPONDENTS.   )

AUGUST 23,2004

PETITION FOR WRIT OF HABEAS CORPUS
AD SUBJICIENDUM AGAINST FALSE
IMPRISONMENT IN STATE
PRISON

INTRODUCTION:

The Petitioner, a state prisoner, is a victim of overt fraud and fraudulent concealment of the facts of being charged of violating state statutory laws, but NEVER BEING LEGALLY INDICTED FROM THE MIDDLESEX COUNTY GRAND JURY; the trial court was not a court of "COMPETENT JURISDICTION" over the Petitioner, NOR over the subject-matter, presented on the FATALLY DEFECTIVE INSTRUMENT(S); additionally, the judge NEVER personally "ISSUED" the warrants of commitment and the clerk of court NOR assistant clerks ISSUED THE "SENTENCING TRANSCRIPTS" required to "EXECUTE THE SENTENCES" and NO SEALS

1.

Introduction (Continued)

OF AUTHENTICATION was affixed upon [A]NY judicial proces-
sess as is MANDATORY BY FEDERAL AND STATE STATUTORY LAWS.
Petitioner claims that he is entitled to the PROTECTION
OF THE CONSTITUTIONAL WRIT OF HABEAS CORPUS AD SUBJICIEN-
DUM.

JURISDICTION

Jurisdiction of this Court is invoked pursuant to
THE FEDERAL SUPREMACY CLAUSES OF THE UNITED STATES CONSTI-
TUTION, ART.1,§9,Cl.2 HABEAS CORPUS SHALL NOT BE SUSPEN-
DED...; TITLE 28 §2254 et seq.; §2243. AUTHENTICATION of
all FED.  WRITS AND PROCESSES TITLE 1,§114; §1691 AFFIXING
THE SEAL OF THE COURT PROCESSES BEFORE EXECUTION.

REASONS FOR GRANTING THE HABEAS CORPUS ORDER

1.    LEIGH M. OLSEN, (W-64686), the Petitioner, CLAIMS
that he is a victim of FRAUD AND FRAUDULENT CONCEALMENT
(M.G.L.Ch.260,§12.), PERPETRATED BY THE OFFICERS OF LAW,
in the EXECUTIVE (POLICE POWERS AND IN THE JUDICIAL BRANCH
OF STATE/COUNTY government(s), wherein:

(A)    THE PETITIONER VOLUNTARILY, AND ON HIS OWN
VOLITION (without any foreknowledge or presence of police
officers) WENT INTO THE POLICE STATION AND, ALTHOUGH HE
WAS NOT TRATED AS A ACCUSED PERSON BY THE OFFICERS ON DUTY
HE EXPLAINED TO THE OFFICERS THAT HE WAS A [P]RINCIPLE AS
A PERPETRATOR OF ACTS WHICH WERE CRIMINAL IN NATURE.

(B)    THE POLICE OFFICERS LISTENED TO THE PETI-

2.

TIONER AND EXECUTED AN ARREST OF HIS PERSON, AND PLACED HIM INTO CUSTODY, AND SUBSEQUENTLY, THE PETITIONER WAS ESCORTED INTO THE DISTRICT COURT AND ARRAIGNED ON THE [UN]AUTHENTICATED CRIMINAL COMPLAINT.

       (C)  THE POLICE OFFICER WHO FILED THE COMPLAINT PURSUANT TO MASS.GEN.LAW,CHAPTER 218 §34,THE CLERK OF THE DISTRICT COURT FAILED TO AFFIX THE SEAL OF THE COURT ONTO THE CRIMINAL COMPLAINT AS IS MANDATORY BY STATUTORY LAWS OF THE U.S.CONGRESS (TITLE 28 USCS §1738);(M.G.L.Ch.218 §4,§44) WHICH  MANDATES THE CLERK TO AFFIX THE SEAL ON ALL PROCESSES BEFORE THE EXECUTION/ARRAIGNMENT OF THE PETI-TIONER IN THE DISTRICT COURT and BEFORE THE CONVEYANCE OF THE CASE TO THE GRAND JURY. THEREFORE, THERE WAS NO LEGAL PROCESS OF LEGAL PREREQUISITES ESTABLISHING "COMPE-TENT JURISDICTION OVER THE PETITIONER AS REQUIRED BY THE STATUTORY LAW(S) (MASS.GEN.LAW,CHAP.263,§9.).

JURISDICTION:
(COnt.)

## SUPREME COURT OF THE UNITED STATES



The Seal

28' USCS Rules—§ 2254 Cases

For we have held that any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *Preiser v Rodriguez* 411 US 475, 500, 36 L Ed 2d 439, 93 S Ct 1827 (1973).

ORDERED that the respondent-warden file an answer in accordance with Rule 5, Rules—§ 2254 Cases, within 3 days herefrom and that a copy of the petition herein and of this order be served by the clerk of this Court by certified-mail on the respondent-warden and the attorney-general

*24.*

Cite as 691 F.2d 15 (1982)

# Betty J. WILLIAMS, a/k/a Tina Williams, Petitioner, Appellant,

## v.

# Terry HOLBROOK, et. al., Respondent, Appellee.

## No. 82–1027.

## United States Court of Appeals, First Circuit.

### Argued June 8, 1982.

### Decided Sept. 23, 1982.

3. Habeas Corpus ⬳45.3(8)

The exhaustion requirement does not preclude a state prisoner from some reformulation of the claims made in state court and exhaustion requires only that substance of the habeas claim be first presented to state courts. 28 U.S.C.A. § 2254(b, c).

5a.

WILLIAMS v. HOLBROOK, 691 F.2d 15 (1982) Petitioner correctly argues that the law of exhaustion requires only that her federal claims be first *presented* to the state courts so as to give them an opportunity to consider the constitutional issues; she need not demonstrate that those courts either addressed or decided them. *Smith v. Digmon*, 434 U.S. 332, 98 S.Ct. 597, 54 L.Ed.2d 582 (1978); *Kines v. Butterworth*, 669 F.2d 6, 12 (1st Cir. 1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 2250, 72 L.Ed.2d 856 (1982).

5b.

## REASONS FOR GRANTING THE PETITION

### PETITIONER'S GROUNDS FOR HABEAS CORPUS RELEASE FROM FALSE IMPRISONMENT

1.   LEIGH OLSEN,(W-64686), the Petitioner, claims that he is a victim of FRAUD AND FRAUDULENT CONCEALMENT (MASS. GENERAL LAW, CHAPTER 260,§12.), perpetrated by the officers of law, in the EXECUTIVE (police) POWERS, and in the JUDICIARY BRANCH of State/County government(s), wherein,

(a)   THE PETITIONER VOLUNTARILY, AND ON HIS OWN VOLITION (without any foreknowledge or presence of police officers) WENT INTO THE POLICE STATION AND ALTHOUGH HE WAS NOT TREATED AS AN ACCUSED PERSON BY THE OFFICERS ON DUTY, HE EXPLAINED TO THE OFFICERS THAT HE WAS A [P]RINCIPLE AS A PERPETRATOR OF ACTS WHICH WERE CRIMINAL IN NATURE.
(b)   THE POLICE OFFICERS LISTEN/TO THE PETITIONER
                                          (ED)
AND ELECTED TO EFFECT AN ARREST OF THE PETITIONER AND DID PLACE THE PETITIONER INTO 'POLICE' CUSTODY.

(c)   THERE WAS NO VALID CRIMINAL COMPLAINT LODGED BY THE POLICE OFFICER AGAINST THE PETITIONER, AS IS MANDATORY BY:

         MASS.GEN.LAW,CHAP.218,§33,§34,§35.
         MASS.GEN.LAW,CHAP.263,§4,§44.

(d)   THE PETITIONER, BEING WITHOUT KNOWLEDGE OF THE LEGAL PROCESSES REQUIRED BY STATUTORY LAWS, WAS AT THE MERCY OF THE PROSECUTORS AND JUDGES.

6.

PETITIONER'S GROUNDS FOR
HABEAS CORPUS RELEASE FROM
FALSE IMPRISONMENT

2.    PETITIONER WAS ARRESTED ON JUNE 26,1997, which

TRIGGERED THE PROTECTION OF HIS FEDERAL AND STATE CON-

STITUTIONAL RIGHTS TO A PROMPT AND SPEEDY TRIAL. HE

WAS NOT ACCORDED A PROMPT AND SPEEDY TRIAL AS GUARANTEED

BY HIS 6TH and 14th AMENDMENTS TO THE UNITED STATES

CONSTITUTION, BECAUSE. . .

(a)    THE PROSECUTOR INTENTIONALLY DELAYED THE

PETITIONER'S PUBLIC TRIAL/AND DISPOSITION FROM

THE CALENDAR PERIODS OF TIME FROM JUNE 26,1997

TO MAY 26,1998 (12 MONTHS (INORDINATE) DELAYS

THEREABOUTS.

(b)    THE TRIAL JUDGE (HON. MARIA LOPEZ) FAILED

TO INFORM THE PETITIONER OF THE FACT, THAT SHE

DID NOT HAVE "COMPETENT JURISDICTION"(MGL,Chap.

263,§9.) OVER THE PERSON NOR THE SUBJECT DUE TO

THE LACK OF A SPEEDY TRIAL, AND EXCEEDING THE

STATUTORY LIFE OF THE INDICTMENT(S) (MASS.GEN.LAW,

Chap.277,§73.).

PETITIONER'S GROUNDS FOR
HABEAS CORPUS RELEASE FROM
FALSE IMPRISONMENT

3.



# Supreme Court of the United States

## UNITED STATES v ADDONIZIO
442 US 178, 60 L Ed 2d 805, 99 S Ct 2235

*PAGE 811*

[4] Under §         the sentencing court is authorized to discharge a defendant if it concludes that it "was without jurisdiction to impose such sentence

Habeas corpus has long been available to attack convictions' and sentences entered by a court without jurisdiction. See, e.g., Ex parte Watkins, 3 Pet 193, 202–203, 7 L Ed 650 (Marshall, C. J.).

the claimed error constituted "a fundamental defect which inherently results in a complete miscarriage of justice." Hill v United States, 368 US 424, 428, 7 L Ed 2d 417, 82 S Ct 468.

## Dukette v. Perrin, 564 F.Supp. 1530.1983.

Habeas corpus relief is available where indictment is so defective as to deprive trial court of jurisdiction.

8.

PETITIONER'S GROUNDS FOR
HABEAS CORPUS RELEASE FROM
FALSE IMPRISONMENT

4.    *FETTERLY v. PASKETT*

## 997 FEDERAL REPORTER, 2d SERIES

PAGE
**1300**

[4]   The very purpose of statutes such as MASS. GENERAL LAW, ch.248, §§1–23, RULE 81(a)(1)MRCiv.P. is to comply with the exacting requirements of the Constitution of the United States as articulated by the Supreme Court in . . .

However, the failure of a state to abide by its own statutory commands may implicate a liberty interest protected by the Fourteenth Amendment against arbitrary deprivation by a state. *See also Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir.1991) ("[F]ederal courts sitting in habeas can and will review an application of state law for alleged constitutional violations. Federal courts [,however,] are extraordinarily chary of entertaining habeas corpus violations premised upon asserted deviations from state procedural rules." (citations omitted)).

9.

PETITIONER'S GROUNDS FOR
HABEAS CORPUS RELEASE
<u>FROM FALSE IMPRISONMENT</u>

5.                    **BARKER v. WINGO**
                    Cite as 92 S.Ct. 2182 (1972)

### 92 SUPREME COURT REPORTER

The right to a speedy trial is generically different from any of the other rights enshrined in the Constitution for the protection of the accused.

**Criminal Law:**

Right to prompt inquiry into criminal charges is fundamental and duty of charging authority is to provide a prompt trial. U.S.C.A.Const. Amend. 6.

**Criminal Law**

State has duty to bring defendant to trial as well as duty of insuring that the trial is consistent with due process.

**2190**                    A defendant has no duty to bring himself to trial; [26] the State has that duty as well as the duty of insuring that the trial is consistent with due process.

the rule we announce today, which comports with constitutional principles, places the primary burden on the courts and the prosecutors to assure that cases are brought to trial.

**Criminal Law**

Dismissal of indictment upon denial of right to speedy trial is the only possible remedy for such denial. U.S.C.A. Const. Amend. 6.

10.

PETITIONER'S GROUNDS FOR
HABEAS CORPUS RELEASE FROM
FALSE IMPRISONMENT

MOORE v. ARIZONA
Cite as 94 S.Ct. 188 (1973)

6.

___ |The state court was in funda-
mental error in its reading of Barker v.
Wingo and in the standard applied in
judging petitioner's speedy trial claim.

___ |These factors are more seri-
ous for some than for others, but they
are inevitably present in every case to
some extent, for every defendant will
either be incarcerated pending trial or
on bail subject to substantial restric-
tions on his liberty."

But, because
we are dealing with a fundamental
right of the accused, this process must
be carried out with full recognition
that the accused's interest in a speedy
trial is specifically affirmed in the
Constitution." 407 U.S., at 533, 92 S.
Ct., at 2193 (footnote omitted).

"the right to a speedy trial is as funda-
mental as any of the rights secured by
the Sixth Amendment," Klopfer v.
North Carolina, 386 U.S. 213, 223, 87 S.
Ct. 988, 993, 18 L.Ed.2d 1 (1967),

## DISPOSITIONS

**Period Within Which Trial Must Be Brought**     If the [indict-
ment, information or complaint] is not brought to trial within
that period, no court of this state shall any longer have jurisdic-
tion thereof, nor shall the untried [indictment, information or
complaint] be of any further force or effect, and the court shall
dismiss it with prejudice.

11.

PETITIONER'S GROUNDS FOR
HABEAS CORPUS RELEASE FROM
FALSE IMPRISONMENT

## UNITED STATES v. MARION
Cite as 92 S.Ct. 455 (1971)

7.

### Criminal Law

The Sixth Amendment speedy trial provision has no application until the putative defendant in some way becomes an "accused." U.S.C.A.Const. Amend. 6.

In our view, however, the Sixth Amendment speedy trial provision has no application until the putative defendant in some way becomes an "accused,"

Legislative efforts to implement federal and state speedy trial provisions also plainly reveal the view that these guarantees are applicable only after a person has been accused of a crime.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." On its face, the protection of the Amendment is activated only when a criminal prosecution has begun and extends only to those persons who have been "accused" in the course of that prosecution.

The Amendment would appear to guarantee to a criminal defendant that the Government will move with the dispatch that is appropriate to assure him an early and proper disposition of the charges against him. "[T]he essential ingredient is orderly expedition and not mere speed." Smith v. United States, 360 U.S. 1, 10, 79 S.Ct. 991, 997, 3 L.Ed. 2d 1041 (1959).

12.

PETITIONER'S GROUNDS FOR
HABEAS CORPUS
RELEASE FROM    **DICKEY v. FLORIDA**
FALSE IMPRISONMENT   Cite as 90 S.Ct. 1564 (1970)

**8.**   **Criminal Law**

Stale claims are not favored by the
law, and far less so in criminal cases.
U.S.C.A.Const. Amend. 6.

   **Criminal Law**

Right to a prompt inquiry into crim-
inal charges is fundamental and duty of
charging authority is to provide a
prompt trial. U.S.C.A.Const. Amend. 6.

If the
case for the prosecution calls on the ac-
cused to meet charges rather than rest on
the infirmities of the prosecution's case,
as is the defendant's right, the time to
meet them is when the case is fresh.
Stale claims have never been favored by

the law, and far less so in criminal cases.
Although a great many accused persons
seek to put off the confrontation as long
as possible, the right to a prompt inquiry
into criminal charges is fundamental and
the duty of the charging authority is to
provide a prompt trial.

Deliberate governmental delay de-
signed to harm the accused, however,
constitutes abuse of the criminal process.
It lessens the deterrent value of any con-
viction obtained. And it very probably
reduces the capacity of the accused to de-
fend himself; unlike the prosecution, he
may remain unaware that charges are
pending and thus fail to take steps neces-
sary to his defense.[10] Accordingly, some
of the interests protected by the Speedy
Trial Clause can be threatened by delay

Thus, it
may be that for the purposes of the
clause to be fully realized, it must apply
to any delay in the criminal process

con-
sidered the primary guarantee against
bringing overly stale criminal charges."

But the minimum right of the
accused to a speedy trial is preserved by
the command of the Sixth Amendment,

We said in
*Ewell, supra,* 383 U.S. at 120, 86 S.Ct. at
776, that the guarantee of a speedy trial
"is an important safeguard * * * to
limit the possibilities that long delay
will impair the ability of an accused

13.

PETITIONER'S GROUNDS FOR
HABEAS CORPUS RELEASE FROM
FALSE IMPRISONMENT

# GENERAL LAWS
## OF
## MASSACHUSETTS

9.

# Judicial
# Authentication
# only by

# The Seal
# of the
# Court

Seal and Officers of Court.

Seals upon Documents   Use of Wax or Wafers



COMMONWEALTH
OF
MASSACHUSETTS
HAMPDEN SS
SUPERIOR COURT
CRIMINAL
DOCKET

A TRUE COPY
OF THE ...
IN WI...
st ...
or the Clerk...
or Lempen ...
fifth   day of February, 19 90

Ass't          Clerk

# The Seal
## OF
# AUTHENTICATION
# Mandatory Authority

14

# CONSTITUTION OF THE UNITED STATES

PETITIONER'S GROUNDS     **ARTICLE VI** Art. 6
FOR HABEAS CORPUS
RELEASE FROM FALSE IMPRI-
SONMENT — Debts; supremacy; oath

10. This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

The Senators and Representatives before mentioned, and the Members of the several State Legislatures, and all executive and judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution;

## 28 USCS § 1738

**§ 1738.   State and Territorial statutes and judicial proceedings; full faith and credit**

The Acts of legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory or Possession thereto.

The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

June 25, 1948, ch 646, § 1, 62 Stat. 947.)

PETITIONER'S GROUNDS FOR
HABEAS CORPUS RELEASE FROM
FALSE IMPRISONMENT

11. The Constitution of the Commonwealth of Massachusetts

Chapter VI
Oaths and Subscriptions
WRITS AND HABEAS CORPUS

<u>V</u>. ALL WRITS ISSUING OUT OF THE CLERKS OFFICE IN ANY OF THE
COURTS OF LAW, SHALL BE IN THE NAME OF THE COMMONWEALTH OF
MASSACHUSETTS: THEY SHALL BE UNDER THE SEAL OF THE COURT FROM
WHENCE THEY ISSUE: THEY SHALL BEAR TEST OF THE FIRST JUSTICE
OF THE COURT TO WHICH THEY SHALL BE RETURNABLE, WHO IS NOT A
PARTY, AND BE SIGNED BY THE CLERK OF SUCH COURT.

<u>VII</u>. THE PRIVILEGE AND BENEFIT OF THE WRIT OF **HABEAS CORPUS**
SHALL BE ENJOYED IN THE COMMONWEALTH IN THE MOST FREE, EASY,
CHEAP, EXPEDITIOUS AND AMPLE MANNER; AND SHALL NOT BE SUSPENDED
BY THE LEGISLATURE, EXCEPT UPON THE MOST URGENT AND PRESSING
OCCASIONS, AND FOR A LIMITED TIME NOT EXCEEDING TWELVE MONTHS.

12.



§9A: **Titile 28 USCS §1738;**
**Mass.Const.Pt.2nd c.6,art.5;**
**Mass.Gen.Law,c.4,§9A;§9B;** §9B:
**Mass.Gen.Law,c.9,§11;**
**Mass.Gen.Law,c.212;§26;**
**Mass.Gen.Law,c.213,§13;**
**Mass.Gen.Law,c.218,§35;§4;§44;**
**Mass.Gen.Law,c.233,§13A;**
**Mass.Gen.Law,c.233,§76;**
**Mass.Gen.Law,c.279,§43;**

13.      Petitioner claims that the LAW OF THE LAND  ruled by
the UNITED STATES DISTRICT COURTS, and invoked into [t]his
Court's Jurisdiction , held, IN RELEVANT PORTIONS TO [t]his
case: BREWER v. SIBLEY 54 Mass. 175, 13 Metc. 175:

"DEWEY, J. THE OMISSION TO AFFIX A PROPER SEAL TO
A WRIT (or process) ISSUING FROM THIS COURT, IS SUCH
ERROR AS WILL ABATE (abort and nullify) THE WRIT (or process)
IF THE OBJECTION BE PROPERLY TAKEN.  Hall v. Jones. 9 Pick
446."

PETITIONER'S GROUNDS FOR
HABEAS CORPUS RELEASE FROM
FALSE IMPRISONMENT



OFFICIAL OPINIONS

FROM THE

14.    *Supreme Judicial Court*    **Authentication**

*of Massachusetts*



UNION SAVINGS BANK *v.* CAMERON.

[319 Mass.] 235 February 28, 1946

236    SPALDING, J.    **It is undoubtedly true, as the plaintiff argues,**

If the return is false, the remedy of the party injured is against the officer. *Slayton* v. *Chester,* 4 Mass. 478, 479.   *Davis* v. *Putnam,* 5 Gray, 321, 328. *Lowery* v. *Caldwell,* 139 Mass. 88, 89.

It is the foundation of the action and is the process by which the defendant is brought into court.

"It appears to us, that the consideration, that a particular written document constitutes the basis of the jurisdiction of a court,

238    A writ, although easily obtainable, is more than a mere piece of paper.   It must conform to requirements provided by law.   Constitution, Part II, c. 6, art. 5. ——

OATHS, SUBSCRIPTIONS, ETC.    Pt. 2, C. 6.

Art. 5

**Art. V.**   Form and execution of writs

ART. V.   All writs issuing out of the clerk's office in any of the courts of law, shall be in the name of the Commonwealth of Massachusetts: they shall be under the seal of the court from whence they issue: they shall bear test of the first justice of the court to which they shall be returnable, who is not a party, and be signed by the clerk of such court.



17.

## ILLUSTRATION ON [KEY] ELEMENTS
### FOR <u>AUTHENTICATION</u> OF INDICTMENT(S)
### REQUIRED BY LAW BEFORE COMPETENT JURISDICTION
### CAN BE ESTABLISHED UPON THE TRIAL COURT PROCEEDINGS

PETITIONER'S
GROUNDS FOR
HABEAS CORPUS
RELEASE FROM
FALSE IMPRI-
SONMENT

## PROCEEDINGS IN CRIMINAL CASES

### MASS.GEN.LAW,CHAPTER 277

COMMONWEALTH OF MASSACHUSETTS

15.

SUFFOLK,ss.

At the SUPERIOR COURT DEPARTMENT of the TRIAL COURT, begun and holden at the City of Boston, within and for the County of Suffolk, for the transaction of criminal business, on the first Monday of ██████, in the year of our Lord one thousand nine hundred and eighty ████████.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS <u>on their oath</u> present that

on ██████ ██, 198█, not being authorized by Chapter 94C of the General Laws of Massachusetts, did unlawfully, knowingly and intentionally possess with intent to distribute a certain controlled substance, to wit: heroin, a Class A controlled substance under the provisions of Section 3? of said Chapter 94C.

BE BILL.

Assistant District Attorney.

Foreman of the Grand Jury.

05██/86 ██

**2.**    **1.**

[ENDORSEMENTS THEREON

"A TRUE BILL"
SIGNED BY
FOREPERSON
OF GRAND
JURY
&
PROSECUTOR

I hereby certify that the foregoing is a true copy of the record of the Superior Court Department of the Trial Court, for the transaction of Criminal Business.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of said Superior Court, at Boston aforesaid, this ████ day of ████████ in the year of our Lord one thousand nine hundred and eighty-████.

**4.**

THE REQUIRED
[J]URAT
BY THE CLERK
OF SUPERIOR
COURT

Assistant Clerk.

**3.**

THE (GOLDEN) WAFER
SEAL AFFIXED BY THE
CLERK OF COURT (THE KEEPER OF THE SEAL OF THE COURT)

EXHIBIT

18.

PETITIONER'S GROUNDS FOR
HABEAS CORPUS RELEASE FROM
FALSE IMPRISONMENT

16.



The Seal
of the
Court

## COURTS AND JUDICIAL OFFICERS
### Criminal jurisdiction
### Orders or decrees

AVERY v. KANE GAS LIGHT AND HEATING COMPANY          **17**
Cite as 403 F.Supp. 14 (1975)

The printed form containing the
printed word "SEAL" or "L.S." is a
trap for the unwary as is dramatically
demonstrated by the instant case."

However, no person should be deemed
to have sealed a document where the
word 'SEAL' or 'L.S.' is on a form
printed document designed and used
for the convenience of the
. . ."

19.

PETITIONER'S GROUNDS FOR
HABEAS CORPUS RELEASE FROM
FALSE IMPRISONMENT

# United States Court of Appeals
## For the First Circuit

17.

CELANESE CORP. OF AMERICA v. VANDALIA WAREHOUSE CORP.

1180        424 FEDERAL REPORTER, 2d SERIES 1176

We are therefore compelled to consider this fustian objection and conclude that because of the deficiency of the attempted certification, this document was not properly authenticated and should not have been admitted into evidence.

[9]   Rule 44 of the Federal Rules of Civil Procedure governs proof of official documents such as Exhibit 15. That rule contains specific standards for authentication of domestic records in paragraph (a) (1) as well as the further incorporation of existing federal and state law in paragraph (c).[3]  In this case, the absence of any appropriate seal from this exhibit precludes compliance with the procedures established in Rule 44(a) (1). See Van Cedarfield v. Laroche, 252 F.2d 817, 820–821 (1st Cir. 1958).  In addition, Celanese has disclosed no statutory or common law rule, federal or state, which would dispose of the need of authentication as a requisite to the admis-



20.

PETITIONER'S GROUNDS FOR
HABEAS CORPUS RELEASE FROM
FALSE IMPRISONMENT

sion of a copy of an official document. Cf., *e. g.*, 28 U.S.C. §§ 1732(b), 1733(b); Mullican v. United States, 252 F.2d 398, 400–404 (5th Cir. 1958); Yaich v. United States, 283 F.2d 613, 617 (9th Cir. 1960). Nor has Celanese produced any support for the authenticity of the certification of Exhibit 15 by the "Certifying Officer" without the affixation of the appropriate governmental seal of which judicial notice could be taken. See Smith v. United States, 30 U.S. (5 Pet.) 292, 300–301, 8 L.Ed. 130; cf. Ill.Rev. Stat., Ch. 51, §§ 16, 18 (1969); see also V, VII Wigmore, Evidence, §§ 1679, 2164 *et seq.* (1940); McCormick, Law of Evidence, § 186, p. 398 (Hornbook Series, 1954); Preliminary Draft of Proposed Rules of Evidence for the United States District Courts, Rule 9–02. The lack of any seal therefore barred the authentication of Exhibit 15 by the purported certification contained thereon. The document was not entitled to admission into evidence on that basis and it was error to have admitted it.

PETITIONER'S GROUNDS FOR
HABEAS CORPUS RELEASE FROM
FALSE IMPRISONMENT

# OFFICIAL OPINIONS

### FROM THE

## Supreme Judicial Court

## of Massachusetts

22.

### FISHER v. McGIRR
### (1854) 67 MASS.1(1 GRAY 1),
### 61 Am.DEC.381.

". . . WHERE IT APPEARED ON THE FACE OF THE
(PROCESS) WAS WHOLLY VOID, THE COMMITMENT WAS
WITHOUT AUTHORITY AND THE PARTY COMMITTED WAS
ENTITLED TO BE DISCHARGED FROM HIS IMPRISON-
MENT UPON HABEAS CORPUS . . ."

### JONES v. ROBBINS
### (1857) 74 MASS.329

"   IF A WARRANT OF COMMITMENT WAS ISSUED BY
A COURT OF SPECIAL AND LIMITED JURISDICTION
EXCEED THE AUTHORITY CONFERRED, AND ISSUE A
WARRANT OF COMMITMENT, THE JUDGMENT IS VOID,AND
NOT MERELY VOIDABLE, AND THE COMMITMENT UNDER
IT IS ILLEGAL, AND MAY BE  INQUIRED INTO ON
HABEAS CORPUS, AND IF THE COMMITMENT IS WRONG,
THE PARTY MAY BE DISCHARGED."

---------------------------------------------------

### SUFFOLK AND NANTUCKET.

#### MARCH TERM 1857.

Jones v. Robbins.

but if a court of special and limited jurisdiction exceed
the authority conferred, and issue a warrant of commitment, the
judgment is void, and not merely voidable, and the commit-
ment under it is illegal, and may be inquired into on *habeas
corpus,* and if the commitment is wrong, the party be dis-
charged.

PETITIONER'S GROUNDS FOR
HABEAS CORPUS RELEASE FROM
FALSE IMPRISONMENT

23.                     COBLYN v. KENNEDY'S INC.,
                              359 MASS.319
                         (Suffolk,April 15,1971)

        [APPLICABLE ONLY IN PORTIONS CITED BELOW[ ]

        "FALSE IMPRISONMENT"
         Judicially Defined

        ON PAGE 321:

            "WE THINK IT IS CLEAR THAT THERE WAS SUFFI-

        CIENT EVIDENCE OF [UN]LAWFUL RESTRAINT, TO

        SUBMIT THIS QUESTION TO THE JURY."

            "HOWEVER, "THE LAW IS WELL SETTLED THAT

        'ANY GENERAL RESTRAINT IS SUFFICIENT TO CONSTI-

        TUTE AN IMPRISONMENT . . . "

            " * * * AND 'ANY DEMONSTRATION OF PHYSICAL

        POWER WHICH, TO ALL APPEARANCES, CAN BE AVOIDED

        ONLY BY SUBMISSION, OPERATES AS EFFECTUALLY TO

        CONSTITUTE AN IMPRISONMENT, IF SUBMITTED TO, AS

        IF ANY AMOUNT OF FORCE HAD BEEN EXERCISED."

            "IF A MAN IS RESTRAINED OF HIS PERSONAL LIBERTY

        BY FEAR OF A PERSONAL DIFFICULTY, [T]HAT AMOUNTS

        TO A FALSE IMPRISONMENT, WITHIN THE LEGAL MEANING

        OF SUCH TERM."

# If justice is the guardian of liberty, who are the guardians of justice?

**FALSE IMPRISONMENT**



M.C.I. Walpole

24.

**NOEL v. TOWN OF PLYMOUTH, MASS.**
Cite as 895 F.Supp. 346 (D.Mass. 1995)

### 2.  *False Imprisonment*

[12, 13]  The tort of false imprisonment consists in the (1) intentional and (2) unlawful (3) confinement of a person, (4) directly or indirectly (5) of which the person confined is conscious or is harmed by such confinement. *Santiago v. Fenton,* 891 F.2d at 383, citing *Wax v. McGrath,* 255 Mass. 340, 342, 151 N.E. 317, 318 (1926).

PRAYER FOR HABEAS CORPUS RELEASE
FROM FALSE IMPRISONMENT
IN STATE PRISON

---

WHEREFORE, THE PETITIONER RESPECTFULLY MOVES

THIS HONORABLE JUDGE, TO ISSUE THE **GREAT CONSTITUTIONAL**

**WRIT OF HABEAS CORPUS AD SUBJICIENDUM,** FORTHWITH, IN

THE INTEREST OF JUSTICE.

~~OCTOBER/13/2003///~~

~~MAY 3, 2004~~

AUGUST 23, 2004

EXBIBITS

ATTACHED HERETO

PURSUANT TO M.G.L.CHAP.248,§3.
   I, LEIGH OLSEN, THE PETI-
TIONER, PRO SE, DO HEREBY CER-
TIFY THAT [ALL] FACTS AND LAWS
PRESENTED HEREINABOVE, ARE TRUE
TO THE BEST OF MY ABILITIES.

LEIGH OLSEN (W-64686)

NCCI P.O. BOX 466

GARDNER, MA 01440

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET 04-40178

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) ~~PLAINTIFFS~~ PETITIONER

LEIGH M. CLEN

**DEFENDANTS** RESPONDENTS

STEVEN O'BRIEN, SUPT. NCCI @ GARDNER, MA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

LEIGH M CLEN    Pro se
NCCI P.O. BOX 466
GARDNER, MA  01440

ATTORNEYS (IF KNOWN)

ATTORNEY GENERAL
STATE OF MASSACHUSETTS
BULFINCH PLACE
BOSTON, MA  02108

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 2 U.S. Government
Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury — Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS — Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

PETITION FOR WRIT OF HABEAS CORPUS (28, §§2241, 2254) AGAINST FALSE IMPRISONMENT IMPOSED BY A COURT WITHOUT JURISDICTION OVER PETITIONER.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ NONE

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ YES    ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

NONE    JUDGE NONE    DOCKET NUMBER NONE

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____