EXHIBITS (14) PAGES

**Art. V. Form and execution of writs**

ART. V. All writs issuing out of the clerk's office in any of the courts of law, shall be in the name of the Commonwealth of Massachusetts: they shall be under the seal of the court from whence they issue: they shall bear test of the first justice of the court to which they shall be returnable, who is not a party, and be signed by the clerk of such court.

fifth day of Februa

Ass't Clerk

The Constitution of the Commonwealth of Massachusetts

# The Seal OF AUTHENTICATION

## Mandatory Authority

## 28 USCS § 1738

### § 1738. State and Territorial statutes and judicial proceedings; full faith and credit

The Acts of legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory or Possession thereto.

The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

(June 25, 1948, ch 646, § 1, 62 Stat. 947.)

the foregoing shall . . . apply in any case where the seal of a court, public office or public officer is expressly required by the constitution or by statute to be affixed to a paper,

MIDDLESEX, ss. **Commonwealth of Massachusetts** SUPERIOR COURT

To the Sheriffs of our several Counties, their Deputies, and to the Superintendent of the Massachusetts Correctional Institution, Cedar Junction — ~~Concord — Framingham — and Bridgewater.~~

GREETING:

WHEREAS, by the consideration of our Superior Court, holden at Cambridge within and for the County of Middlesex, on the first Monday of May, in the year of our Lord one thousand nine hundred and Ninety Eight, Leigh Olsen now in custody of the Sheriff of our said County of Middlesex, now before the Court by virtue of Writ of Habeas Corpus, convict of the crime of Indec. A&B on person Under 14

was on the Twenty Second day of May in the year of our Lord one thousand nine hundred and Ninety Eight, sentenced to confinement in the Massachusetts Correctional Institution, Cedar Junction — ~~Concord — Framingham — Bridgewater~~, for a term not exceeding Nine years or less than Seven years, and to stand committed accordingly to said sentence, ~~this sentence is to be served concurrently with the sentence imposed this day in NO. _____, this sentence is to be served concurrently with the sentence now being served in said institution, this sentence is to take effect from and after the expiration of the sentence now being served in said institution.~~

This sentence is deemed by the Court to have commenced on —.
The defendant having spent 330 days in confinement prior to such sentence awaiting and during trial.

WE THEREFORE COMMAND YOU, the said Sheriff and Deputies to remove the said Leigh Olsen from our jail in Cambridge, in said County of Middlesex, to our said Massachusetts Correctional Institution in Cedar Junction — ~~Concord — Framingham — Bridgewater~~, and you the said Superintendent to receive the said Leigh Olsen and immediately thereon cause him her to be confined therein for a term of not exceeding Nine years or less than Seven years as aforesaid.

And for so doing, this shall be your warrant. And you are to make return of this warrant with your doings therein to the office of the Clerk of our Superior Court in Cambridge, as soon as may be.

Witness, Robert A. Mulligan, Esquire, at Cambridge, this Twenty Sixth day of May in the year of our Lord one thousand nine hundred and Ninety Eight.

Date of Offense 6/22/97

[signature]
Assistant Clerk

Form No. 240

COMMONWEALTH OF MASSACHUSETTS.

MIDDLESEX, SS. 5-26-98 19 .

In obedience to this Warrant, I have removed the within-named convict to the Massachusetts Correctional Institution, MCI Cedar Junction together with an attested copy of this warrant.

[signature]
*Deputy Sheriff*

No. 97-1535-005

W64686

Mittimus — Massachusetts Correctional Institution, Cedar Junction

Olsen, Leigh

5-26-98 MCI-Concord

12-29-98 Mass Treatment Center

To the Superintendent of the receiving Correctional Institution: you are hereby commanded to withdraw from Olsen's inmate savings or personal accounts, as a court-imposed assessment, the first ~~fifteen/twenty-five~~ Sixty (60.00) dollars deposited to those accounts, said sum to be paid to this court for deposit in the Victim/Witness Assistance Fund pursuant to G. L. C. 258B, as added by C. 694, Sec. 1 of Acts of 1983.

Indigent Counsel fee $75.00

By the Court,

(Lopez, J.)

~~MIDD~~LESEX ss. **Commonwealth of Massachusetts** SUPERIOR COURT

To the Sheriffs of our several Counties, their Deputies, and to the Superintendent of the Massachusetts Correctional Institution, Cedar Junction — ~~Concord~~ — ~~Framingham~~ — ~~and Bridgewater.~~

GREETING:

WHEREAS, by the consideration of our Superior Court, holden at Cambridge within and for the County of Middlesex, on the first Monday of May, in the year of our Lord one thousand nine hundred and Ninety Eight, Leigh Olsen now in custody of the Sheriff of our said County of Middlesex, now before the Court by virtue of Writ of Habeas Corpus, convict of the crime of Indecent A&B on person U/14 was on the Twenty Second day of May one thousand nine hundred and Ninety Eight in the year of our Lord, sentenced to confinement in the Massachusetts Correctional Institution, Cedar Junction — ~~Concord — Framingham — Bridgewater~~, for a term not exceeding Nine years or less than Seven years, and to stand committed accordingly to said sentence, this sentence is to be served concurrently with the sentence imposed this day in NO. 97-1535-005, ~~this sentence is to be served concurrently with the sentence now being served in said institution, this sentence is to take effect from and after the expiration of the sentence now being served in said institution.~~

This sentence is deemed by the Court to have commenced on ———. The defendant having spent 330 days in confinement prior to such sentence awaiting and during trial.

WE THEREFORE COMMAND YOU, the said Sheriff and Deputies to remove the said Olsen from our jail in Cambridge, in said County of Middlesex, to our said Massachusetts Correctional Institution in Cedar Junction — ~~Concord — Framingham — Bridgewater~~, and you the said Superintendent to receive the said Olsen and immediately thereon cause him her to be confined therein for a term of not exceeding Nine years or less than Seven years as aforesaid.

And for so doing, this shall be your warrant. And you are to make return of this warrant with your doings therein to the office of the Clerk of our Superior Court in Cambridge, as soon as may be.

Witness, Robert A. Mulligan, Esquire, at Cambridge, this Twenty Sixth day of May in the year of our Lord one thousand nine hundred and Ninety Eight.

Date of Off. 6/22/97

[signature]
Assistant Clerk

Form No. 240

COMMONWEALTH OF MASSACHUSETTS.

MIDDLESEX, SS. 5-26-98 19 .

In obedience to this Warrant, I have removed the within-named convict to the Massachusetts Correctional Institution, MCI Cedar Junction together with an attested copy of this warrant.

Deputy Sheriff

No. 97-1535-006

Mittimus — Massachusetts Correctional Institution, Cedar Junction

To the Superintendent of the receiving Correctional Institution: you are hereby commanded to withdraw from ____________'s inmate savings or personal accounts, as a court-imposed assessment, the first fifteen/twenty-five dollars deposited to those accounts, said sum to be paid to this court for deposit in the Victim/Witness Assistance Fund pursuant to G. L. C. 258B, as added by C. 694, Sec. 1 of Acts of 1983.

By the Court,

____________________

L/S MIDDLESEX, ss. **Commonwealth of Massachusetts** SUPERIOR COURT

To the Sheriffs of our several Counties, their Deputies, and to the Superintendent of the Massachusetts Correctional Institution, Cedar Junction — ~~Concord — Framingham — and Bridgewater~~.

GREETING:

WHEREAS, by the consideration of our Superior Court, holden at Cambridge within and for the County of Middlesex, on the first Monday of MAY, in the year of our Lord one thousand nine hundred and Ninety eight, Leigh Olsen now in custody of the Sheriff of our said County of Middlesex, now before the Court by virtue of Writ of Habeas Corpus, convict of the crime of Indecent A&B a person U/14

was on the Twenty Second day of May in the year of our Lord one thousand nine hundred and Ninety Eight, sentenced to confinement in the Massachusetts Correctional Institution, Cedar Junction — ~~Concord — Framingham — Bridgewater~~, for a term not exceeding Nine years or less than Seven years, and to stand committed accordingly to said sentence, this sentence is to be served concurrently with the sentence imposed this day in NO. 97-1535-006 ~~this sentence is to be served concurrently with the sentence now being served in said institution, this sentence is to take effect from and after the expiration of the sentence now being served in said institution.~~

This sentence is deemed by the Court to have commenced on —.
The defendant having spent 330 days in confinement prior to such sentence awaiting and during trial.

WE THEREFORE COMMAND YOU, the said Sheriff and Deputies to remove the said Olsen from our jail in Cambridge, in said County of Middlesex, to our said Massachusetts Correctional Institution in Cedar Junction — ~~Concord — Framingham — Bridgewater~~, and you the said Superintendent to receive the said Olsen and immediately thereon cause him her to be confined therein for a term of not exceeding Nine years or less than Seven years as aforesaid.

And for so doing, this shall be your warrant. And you are to make return of this warrant with your doings therein to the office of the Clerk of our Superior Court in Cambridge, as soon as may be.

Witness, Robert A. Mulligan, Esquire, at Cambridge, this Twenty SIXTH day of MAY in the year of our Lord one thousand nine hundred and Ninety Eight.

Date of offense 6/20/97

[signature]
Assistant Clerk

Form No. 240

COMMONWEALTH OF MASSACHUSETTS.

MIDDLESEX, SS. 5-26-98 19 .

In obedience to this Warrant, I have removed the within-named convict to the Massachusetts Correctional Institution, MCI Cedar Junction together with an attested copy of this warrant.

[signature]
*Deputy Sheriff*

No. 97-1535-007

Mittimus — Massachusetts Correctional Institution,
Cedar Junction

To the Superintendent of the receiving Correctional Institution: you are hereby commanded to withdraw from ______________________'s inmate savings or personal accounts, as a court-imposed assessment, the first fifteen/twenty-five dollars deposited to those accounts, said sum to be paid to this court for deposit in the Victim/Witness Assistance Fund pursuant to G. L. C. 258B, as added by C. 694, Sec. 1 of Acts of 1983.

By the Court,

______________________________

MIDDLESEX, ss. **Commonwealth of Massachusetts** SUPERIOR COURT

To the Sheriffs of our several Counties, their Deputies, and to the Superintendent of the Massachusetts Correctional Institution, Cedar Junction ~~Concord~~ ~~Framingham~~ ~~and Bridgewater~~.

GREETING:

WHEREAS, by the consideration of our Superior Court, holden at Cambridge within and for the County of Middlesex, on the first Monday of May, in the year of our Lord one thousand nine hundred and Ninety Eight, Leigh Olsen now in custody of the Sheriff of our said County of Middlesex, now before the Court by virtue of Writ of Habeas Corpus, convict of the crime of Indec. A+B on person U/14

was on the Twenty Second day of May in the year of our Lord one thousand nine hundred and Ninety Eight, sentenced to confinement in the Massachusetts Correctional Institution, Cedar Junction ~~Concord~~ ~~Framingham~~ ~~Bridgewater~~, for a term not exceeding Nine years or less than Seven years, and to stand committed accordingly to said sentence, this sentence is to be served concurrently with the sentence imposed this day in NO. 97-1535-005, this ~~sentence is to be served concurrently with the sentence now being served in said institution, this sentence is to take effect from and after the expiration of the sentence now being served in~~ said institution.

This sentence is deemed by the Court to have commenced on ________.
The defendant having spent ~~330~~ 0 J.M. days in confinement prior to such sentence awaiting and during trial.

WE THEREFORE COMMAND YOU, the said Sheriff and Deputies to remove the said Olsen from our jail in Cambridge, in said County of Middlesex, to our said Massachusetts Correctional Institution in Cedar Junction ~~Concord~~ ~~Framingham~~ ~~Bridgewater~~, and you the said Superintendent to receive the said Olsen and immediately thereon cause him her to be confined therein for a term of not exceeding Nine years or less than Seven years as aforesaid.

And for so doing, this shall be your warrant. And you are to make return of this warrant with your doings therein to the office of the Clerk of our Superior Court in Cambridge, as soon as may be.

Witness, Robert A. Mulligan, Esquire, at Cambridge, this Twenty Sixth day of May in the year of our Lord one thousand nine hundred and Ninety Eight.

Date of offense 2/20/96

Joyce Maloney
Assistant Clerk

Form No. 240

COMMONWEALTH OF MASSACHUSETTS.

MIDDLESEX, SS. 5-26-98 19 .

In obedience to this Warrant, I have removed the within-named convict to the Massachusetts Correctional Institution, McCalen Junction together with an attested copy of this warrant.

Roger Bedunn

*Deputy Sheriff*

No. 98-112-001

Mittimus — Massachusetts Correctional Institution,

Cedar Junction

To the Superintendent of the receiving Correctional Institution: you are hereby commanded to withdraw from ____________________'s inmate savings or personal accounts, as a court-imposed assessment, the first fifteen/twenty-five dollars deposited to those accounts, said sum to be paid to this court for deposit in the Victim/Witness Assistance Fund pursuant to G. L. C. 258B, as added by C. 694, Sec. 1 of Acts of 1983.

By the Court,

____________________

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS:

SUPERIOR COURT

CIVIL DIVISION

NO. 87-2958

KEITH CANADA

PETITIONER,

VS.

MICHAEL T. MALONEY
SUPT. MCI WALPOLE (CJ),

RESPONDENT.

FILED IN THE OFFICE OF THE CLERK OF THE COURTS FOR THE COUNTY OF MIDDLESEX
MAY 21 1987
[signature]
CLERK

Filed in court and the court hereby waives all entry fees. By the Court (Mitchell J) Wayne Emerson Assistant Clerk

ATTEST: Wayne Emerson Assistant Clerk

PETITION FOR WRIT OF HABEAS CORPUS

AD SUBJICIENDUM AGAINST ILLEGAL CUSTODY

I, KEITH CANADA, do hereBy files the instant petition for the writ of habeas corpus ad suBjiciendum(immediate release from false imprisonment WHICH WILL OCCUR WITHIN THE NEXT (4) DAYS.

JURISDICTION of this HonoraBle Court is invoked pursuant to the U.S. CONSTITUTION and all federal laws of the Land; the CONSTITUTION OF MASSACHUSETTS, MASS. GENERAL LAW, CHAP.248,1- inclusively.

1987 May 29
Petition allowed
(Mitchell, J.)
Wayne Emerson
Assistant Clerk

Capias [illegible] to issue for May 29, 1987 [illegible] at 11:00
(Mitchell J)

EXHIBIT

STATEMENT OF FACTS RELIED UPON
FOR THE BENEFIT OF HABEAS CORPUS

1. On MAY 31,1983, I was arrested on charges of assault and Battery with a dangerous weapon on allegedly, two persons.

2. I was arraigned in the WOBURN DISTRICT COURT: I was then incarcerated into the BILLERICA HOUSE OF CORRECTION and JAIL. I was held there from JUNE 1,1983 until SEPT.02,1983.

3. I was sentence on a coerced plea of guilty, to concurrent terms of (5) years to (7) years at MCI-Walpole, By MITCHELL,J.

CRIMINAL DOCKET NOS.83-1627;83-1628.

4. I was oBligated to serve a maximum period of confinement of (4) years and(1) month, my STATUTORY GOOD TIME DEDUCTIONS incorporated at the time the sentences were imposed.

5. My PAROLE ELIGIBILITY was to have been at the time served-period of (2) years and (11) months.

6. I claim that the law mandates that I be credited with 12½ days PER MONTH of "STATUTORY GOOD TIME CREDIT DEDUCTIONS" off the maximum (7) years, which ammounts to 150 days PER YEAR, and 150 days EQUALS 5 months off the 12 months of a years, leaving a remainder of 7 months; 7 x 7years equals 49 months, or 4 YEARS-

1 MONTH TO BE SERVED AT THE MAXIMUM OF MY SENTENCE.

7. I was never allowed parole release and have Been incarcerated JUNE 1,1983, serving this 5-7 yrs.term. I was never allowed mimimum custody status and have Been confined only in MAXIMUM CUSTODY AT MCI-WALPOLE and on two occasions I was confined in MEDIUM CUSTODY at MCI NORFOLK, before it was revised into a LOWER MAXIMUM FACILITY as it is now in de facto.

8. FOR ALL TIMES IN THE PAST, prison officials and staff personnel have computed my DATE FOR RELEASE to Be "5-6-87" (MAY 6,1987).

9. I HAVE EARNED (52) GOOD DAYS from MAINTAINANCE WORK AND ATTENDING SCHOOL. Such recorded facts has positively adjusted my RELEASE DATE to Be MAY 6,1987.

10. I have also claimed that my CONVICTION AND IMPRISONMENT HAVE BEEN ILLEGAL FROM THE BEGINNING, BECAUSE AT NO TIMEEEE WERE THE BILLS OF INDICTMENT AUTHENTICATED WITH THE SEAL OF THE COURT AND THE TRIAL COURT THEREFORE, WAS WITHOUT LEGAL JURISDICTION TO COMPEL ME TO PESENT A GUILTY PLEAS ON FALSE AND INVALID INDICTMENTS.

#1 Reasons Grounds upon Which Habeas Corpus Issued!

Retyped For Clarity-Reading:

READ PARAGRAPH #10

¶10. "I HAVE ALSO CLAIMED THAT MY CONVICTION AND IMPRISONMENT HAVE BEEN ILLEGAL FROM THE BEGINNING, BECAUSE AT NO TIME WERE THE BILLS OF INDICTMENT AUTHENTICATED WITH THE SEAL OF THE COURT AND THE TRIAL COURT, THEREFOR, WAS WITHOUT LEGAL JURISDICTION TO COMPEL ME TO PRESENT A GUILTY PLEA ON FALSE AND INVALID INDICTMENTS."

READ

¶11. "I FURTHER CLAIM THAT THE MITTIMUS WAS ILLEGALLY COMMITTED ME INTO CUSTODY, WHERE THE "WRIT"(MITTIMUS) WAS ISSUED FROM THE OFFICE OF THE CLERK, IN THE COURT OF LAW, AND WAS NOT UNDER A SEAL OF THE COURT, AS THE CONSTITUTION OF THE COMMONWEALTH MANDATES !!! READ: MASS.CONST.PART THE SECOND,CHAPTER 6, ARTICLE 5."

¶12. "ADDITIONALLY, THE COMMONWEALTH SUBJECTED ME TO IMPRISONMENT WITHOUT A WRITTEN SIGNATURE FROM THE SENTENCING JUDGE ON THE FACE OF THE MITTIMUS COMMANDING THE IMPRISONMENT !!!"

* 11. I further claimed that the MITTIMUS was illegally issued By the trial court and that the prison officials had ILLEGALLY COMMITTED ME INTO CUSTODY, WHERE THE "WRIT" (MITTIMUS) WAS ISSUED FROM THE OFFICE OF THE CLERK, IN THE COURT OF LAW, AND WAS NOT UNDER A SEAL OF THE COURT, AS THE CONSTITUTION OF THE COMMONWEALTH MANDATES!!!!!! READ: Mass. Const. Part THE SECOND, Chapter VI, Art.V

#2. Reasons/ Grounds, upon Which Habeas Corpus Issued!

* 12. ADDITIONALLY, the 'commonwealth' suBjected me to imprisonment WITHOUT A WRITTEN SIGNATURE FROM THE SENTENCING JUDGE ON THE FACE OF THE MITTIMUS COMMANDING THE IMPRISONMENT!!!

#3. Reasons, Grounds upon Which Habeas Corpus Issued!

13. There also appears a document of INVALIDITY where the persons of LESSER OFFICIAL CAPACITY AS THE COMMISSIONER OF CORRECTION, has conspired and signed papers purporting to take STATUTORY GOOD TIMNE CREDITS from me. Such acts are INVALID where the statotutory language states that ONLY THE COMMISSIONER OF CORRECTION, HIMSELF, CAN DEDUCT STATUTORY GOOD TIME AND ENHANCE THE PRISONERS SENTENCED. The statute has no language allowing the designee associate commissioner of correction or whomever happens to Be availaBle to sign papers that the prison superintendents want penalized.

# Commonwealth of Massachusetts

MIDDLESEX, SS.

*To the Sheriffs of our several Counties, their Deputies, and to the Superintendent of the Massachusetts Correctional Institution, Walpole – ~~Concord – Framingham and Bridgewater.~~*

GREETING:

WHEREAS, by the consideration of our Superior Court, holden at Cambridge – within and for the County of Middlesex, on the first Monday of October, – in the year of our Lord one thousand nine hundred and Eighty Three, [illegible] Canada, ~~now in custody of the Sheriff of our said County of Middlesex~~, – now before the Court by virtue of Writ of Habeas Corpus, – convict of the crime of [illegible] By Means of A Dangerous Weapon was on the thirty first day of October in the year of our Lord one thousand nine hundred and Eighty Three, sentenced to confinement in the Massachusetts Correctional Institution, – Walpole – ~~Concord – Framingham – Bridgewater~~, for a term not exceeding Seven years or less than Five years, and to stand committed accordingly to said sentence, ~~this sentence is to be served concurrently with the sentence imposed this day in No. ______, this sentence is to be served concurrently with the sentence now being served in said institution~~, this sentence is to take effect ~~from and after the expiration of the sentence now being served in said institution~~, [illegible] Prior Concord Sentence

This sentence is deemed by the Court to have commenced on ______________.
The defendant having spent 143 days in confinement prior to such sentence awaiting and during trial.

WE THEREFORE COMMAND YOU, the said Sheriff and Deputies to remove the said Canada from our Jail in Cambridge, in said County of Middlesex, to our said Massachusetts Correctional Institution in – Walpole – ~~Concord – Framingham – Bridgewater~~, and you the said Superintendent to receive the said Canada and immediately thereon cause him ~~– her –~~ to be confined therein for a term of not exceeding Seven years or less than Five years as aforesaid.

And for so doing, this shall be your warrant. And you are to make return of this warrant with your doings therein to the office of the Clerk of our Superior Court in Cambridge, as soon as may be.

Witness, Thomas R. Morse, Jr., Esquire, at Cambridge, this Thirty first day of October, in the year of our Lord one thousand nine hundred and Eighty Three.

[signature]
Deputy Assistant Clerk.

IN THE

SUPREME COURT OF THE UNITED STATES

# SEALS

**Aetna Ins. Co. v Doe ex dem. Hallock (Aetna Ins. Co. v Hallock) 6 Wall 556, 18 L Ed 948**

Any process issuing from a court which by law is required to authenticate such process with its seal is void if issued without a seal.

Commonwealth of Massachusetts

**SUPERIOR COURT** THE TRIAL COURT DEPARTMENT

I hereby certify that the foregoing is a true copy of the :ord of the Superior Court Department of the Trial Court, for the .nsaction of Criminal Business.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of said Superior Court, at Boston aforesaid, this twenty-ninth day of June in the year of our Lord one thousand nine hundred and eighty-four.

William [signature]

Assistant Clerk.



# Commonwealth of Massachusetts

## Authentication.

## Proof of Official Record

Exhibit

THE

# SEAL

## Authenticated by the seal of the court

The writ should bear the seal of the court authorized to issue it, and a writ bearing an improper seal is regarded as though it bore no seal. Courts hold that an omission of the seal renders the writ void and ineffective to confer jurisdiction.

212 § 26 SUPERIOR COURT

# GENERAL LAWS OF MASSACHUSETTS

§ 26. Records; custody

The records of courts which are transferred to the superior court shall remain in custody of its clerks. In Suffolk county, the clerk of said court for civil business shall have the custody of said records in civil cases, and the clerk for criminal business shall have the custody of said records in criminal cases. Copies of said records may be certified by said clerks respectively. Judicial writs and processes which are founded upon such records shall issue under the seal of the superior court, in like manner and with the same effect as similar writs and processes founded upon its own records.

THIS [LAW] IS CLEAR AND UNAMBIGUOUS

L.



Number

90-5459

COMMONWEALTH

vs.

MURDER

(265-1)

HAMPDEN, ss. Superior Court

December Sitting, A.D. 19 90

Returned by the Grand Jury and filed by order of Court

ATTEST: William L. Eason
Assistant Clerk

A true copy.

Attest: William L. Eason
Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.

I, William L. Eason , Assistant Clerk of the Superior COurt for the County of Hampden, do certify that this Indictment was found by the grand jurors of the Commonwealth of Massachusetts, attending said Court, at the September Sitting thereof, holden at Springfield, in said County, on the sixth of December in the year of our Lord one thousand nine hundred and ninety , and was returned by said grand jurors into said Court on the sixth day of December in said year one thousand nine hundred and ninety.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of said Court, this sixth day of December A.D. 1990.



William L. Eason
Assistant Clerk

A true copy.

Attest: William L. Eason

# Commonwealth of Massachusetts

90-5459

HAMPDEN, to wit:

At the Superior Court begun and Holden at Springfield, within and for the County of Hampden, for the transaction of criminal business, on the First Mon day of December in the year of our Lord one thousand nine hundred and ninety

The Jurors of said Commonwealth, on their Oath, present THAT

[redacted]

of 73 Central Street, Apartment A Springfield, in the County of Hampden aforesaid, on the twenty-sixth day of November in the year of our Lord one thousand nine hundred and ninety at Springfield, in the County of Hampden aforesaid,

did assault and beat [redacted] with the intent to murder [redacted] by shooting and discharging a FIREARM loaded with LEADEN BULLETS into the body of the said [redacted] and by such assault and beating did kill and murder the said [redacted]

A True Bill: Frank Wolak
Foreman.

District Attorney for the Western District

A true copy,
Attest: William L Carson
Assistant Clerk