```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

```
LEIGH M. OLSEN,                )
          Petitioner,          )
                               )
     v.                        )   C.A. No. 04-40178-FDS
                               )
STEVEN O'BRIEN, et al.,        )
          Respondents.         )
```

MEMORANDUM AND ORDER

On September 3, 2004, petitioner submitted for filing a pro se petition for writ of habeas corpus. For the reasons set forth below, the petition is summarily dismissed without prejudice.

BACKGROUND

Petitioner, an inmate at NCCI Gardner, submitted for filing his self-prepared pleading titled "Petition for Writ of Habeas Corpus Ad Subjiciendum Against False Imprisonment in State Prison." See Petition. Petitioner seeks immediate release and brings his claims under the federal constitution and 28 U.S.C. §§ 2243, 2254. Id. The petition is accompanied by several exhibits including copies of various documents that were issued in petitioner's state criminal proceedings and more recent state civil proceedings. See Exhibits.

Petitioner alleges that on June 26, 1997, he was arrested by police after voluntarily appearing at a police station. See Petition, pp. 6, 7. Petitioner complains that his incarceration violates numerous state and federal statutes because (1) the warrants of commitment lacked the personal signature of a judge

1

and the wafer seal of the court; (2) he was placed in police custody despite the fact that he appeared voluntarily; (3) the police failed to lodge a valid criminal complaint; (4) the criminal complaint lacked the wafer seal of the court; (5) the indictments which charged him were not properly authenticated with the court's wafer seal; (6) the prosecutors delayed petitioner's trial; and (7) the trial court lacked competent jurisdiction to render judgment because the denial of a speedy trial should have led to the dismissal of the indictments. Id. at pp. 1-3, 6-7, 16-18.

## DISCUSSION

I.  Filing Fee

A party filing a habeas corpus petition must either (1) pay the $5 filing fee for habeas corpus actions or (2) file an application to proceed without prepayment of fees. See 28 U.S.C. § 1914(a) (fees); § 1915 (proceedings in forma pauperis). Here, petitioner did pay the filing fee or file an application to waive the filing fee. Because the petition is subject to summary dismissal, see infra., ¶ II, petitioner will not be granted additional time to either pay the filing fee or file an application to waive the filing fee.

II. Habeas Petition

A.  Standard of Review

Under Rule 4(b) of the Rules Governing Section 2254

Proceedings, the Court is required to examine a petition, and if it "plainly appears from the face of the motion. . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal." Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. 28 U.S.C. § 2243; Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994).

Brevis disposition is appropriate if the petition and submitted materials make plain that the petitioner suffered no harm that is remediable under federal law. Mahoney v. Vondergritt, 938 F.2d 1490, 1494 (1st Cir. 1991), cert. denied, 502 U.S. 1104, 112 S. Ct. 1195, 117 L. Ed. 2d 436 (1992) (footnote omitted). The liberal concept of notice pleading has been rejected in the context of habeas corpus petitions, for the petition is expected to state facts that point to a "real possibility of constitutional error." Aubut v. State of Maine, 431 F. 2d 688, 689 (1st Cir. 1970), cited in Advisory Committee's Note to Rule 4, Rules Governing Habeas Corpus Cases, 28 U.S.C. § 2254 foll. (1976); Blackledge v. Allison, 431 U.S. 63, 75 n. 7, 97 S. Ct. 1621, 1629-30 n. 7, 52 L. Ed. 2d 136 (1977).

B.  <u>The Petition is Subject to Summary Dismissal</u>

The instant petition fails to state any viable claims that petitioner is in custody in violation of the United States Constitution. Petitioner has failed to point to a particular constitutional provision that he contends is violated and provides no discussion of how the alleged facts might violate any federal constitutional right, as opposed to state law.[1] The facts alleged by petitioner are not sufficient to state a claim for violation of the federal constitution. <u>See</u> <u>Mosley v. Moran</u>, 798 F.2d 182, 185 (7th Cir. 1985) ("only violations of federal statutory or constitutional law can be the basis for granting federal habeas relief").

Petitioner alleges that the prosecutor intentionally delayed the petitioner's trial between June 26, 1997 and May 26, 1998. <u>See</u> Petition, p. 7. To the extent this allegation can be construed as a speedy trial claim,[2] petitioner has not alleged exhaustion of his state court remedies. An application for a writ of habeas corpus may not be granted unless the applicant has

---

[1] Petitioner has no federal constitutional right to have state courts abide by state law. <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) (federal habeas relief unavailable for violations of state law or for alleged error in the interpretation or application of state law).

[2] The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...." U.S. Const. amend. VI.

exhausted the remedies available in the courts of the State. <u>See</u> 28 U.S.C. § 2254(b)(1)(A). To meet this requirement, petitioner must demonstrate that he offered his federal claims to the state court in such a way "as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." <u>See</u> <u>Adelson v. Dipaola</u>, 131 F.3d 259, 262 (1st Cir. 1997) (quoting <u>Scarpa v. DuBois</u>, 38 F.3d, 1, 6 (1st Cir.1994)). Here, petitioner has not alleged that he has exhausted his available state remedies, and his petition is thus subject to dismissal. <u>See</u> <u>Allicon v. Spencer</u>, 29 F. Supp. 2d 45, 49 (D. Mass. 1998).

<u>ORDER</u>

For the foregoing reasons, it is hereby ORDERED

1. The petition for writ of habeas corpus is summarily dismissed without prejudice. <u>See</u> Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.

SO ORDERED.

Dated at Worcester, Massachusetts, this 6th day of October, 2004.

_____
F. DENNIS SAYLOR IV
UNITED STATES DISTRICT JUDGE