IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LEIGH M. OLSEN,           )
        PETITIONER,       )        HABEAS CORPUS ACTION
                          )        NO.04-40178-FDS
VS.                       )
                          )        OCTOBER 12,2004
STEVEN O'BRIEN, et al.,   )           TUESDAY
        RESPONDENTS,      )

PETITIONER'MOTION TO VACATE ITS
"MEMORANDUM AND ORDER" DATED
OCT.6,2004 VOID FOR WANT
OF THE SEAL OF THE COURT
AND DISTORTED OPINIONS
_____

Now comes LEIGH M. OLSEN, the Petitioner, and chal-
lenges the Court's **FATALLY DEFECTIVE**:

"MEMORANDUM AND ORDER"

"ORDER OF DISMISSAL"

received by the Petitioner on OCTOBER 8, 2004 via U.S.MAIL
DELIVER.

Petitioner claims that the CLERK OF COURT (TONY
ANASTAS) and his DEPUTY CLERK (MARTIN CASTLES) executed
the "PROCESS" **WITHOUT AUTHENTICATION** by AFFIXING THE COURT'S
SEAL OF THE [F]EDERAL [S]OVEREIGNTY OF THE U.S.DISTRICT
COURT,as is _MANDATORY_ BY THE ACTS OF THE U.S.CONGRESS:

TITLE 1 USCS §114

TITLE 28 USCS §1691

The Petitioner, being held in **FALSE IMPRISONMENT** under
STATE CUSTODY, cannot be served with [UN]AUTHENTICATED
[F]EDERAL [S]OVEREIGNTY PROCESS (COURT ORDER) being in

1.

fact a process which is "A VOID (PROCESS) FROM ITS IN-
CEPTION A LEGAL NULLITY . . . THE COURT'S ACTION AMOUNTS
TO A PLAIN USURPATION OF (its) POWER, CONSTITUTION: A
VIOLATION OF DUE PROCESS." U.S. v. BOCH OLDSMOBILE,INC.
909 F.2d 657 (1st Cir.1990) @661.

    The presiding Court is duty-bound to examine the
actions of the Cler$^k$and his Deputy Clerks of Court to
[P]ERFORM THEIR STATUTORY DUTIES (TITLE 1,USCS §114;
TITLE :28  USCS §1691; RULE 44a1 F.R.Civ.P.).

    Therefore, the Petitioner claims that this HABEAS
CORPUS (F)EDERAL DISTRICT COURT has failed to treat
his (EXHAUSTED) habeas corpus petition EXPEDITIOUSLY as
the [F]ederal [C]onstitution MANDATES, especially when
this Petitioner has presented [F]EDERAL [C]ONSTITUTIONAL
VIOLATIONS AGAINST HIS "LIBERTY" INTEREST by State offials
acting in contempt of the [F]EDERAL [L[AWS.

PETITION STATED HIS FEDERAL
[F]EDERAL AUTHORITIES OF LAWS TO
[S]TATE AND [F]EDERAL COURTS MEETING
HIS FEDERAL  QUESTION/VIOLATION
_____

    Petitioner claims that his FEDERAL PETITION FOR WRIT
OF HABEAS CORPUS [P]RESENTED AND CITED, WITH CLARITY THE
[F]EDERAL [A]UTHORITIES OF LAWS, TO THE STATE HIGHES$^T_/$COURT
as follows:  (EXHAUSTED STATE REMEDIES VIA FED.AUTHORITIES)

    PAGE 2      FEDERAL SUPREMACY CLAUSE U.S.CONST.
                 ART.6,cl.2 &3

                 FEDERAL HAB.CORPUS,ART.1,§9,CL.2

2.

Continued: ( [P]resented & cited,[F]ederal [A]uthorities of laws)

PAGE 2        TITLE 1, §114; TITLE 28 USCS §1691

PAGE 3        TITLE 28 USCS §1738

PAGE 4        PREISER v. RODRIGUEZ
              411 US 475,500,36 L.Ed.2d 439,93 S.Ct.1827
              (1973)

PAGE 5(a) WILLIAM v. HOLBROOK 691 F.2d 15 (1982)
PAGE 5(b)

PAGE 7        6TH & 14TH AMENDMENTS U.S.CONSTITUTION

PAGE 8        UNITED STATES v. ADDONIZIO
              442 US 178,60 L.Ed.2d 805,99 S.Ct.2235

PAGE 9        FETTERLY v. PASKETT
              997 F.2d at 1300

              HERNANDEZ v. YLST
              930 F.2d 714 (9TH CIR.1991)

PAGE 10       BARKER v. WINGO
              92 S.Ct.2182 (1972)

PAGE 11       MOORE v. ARIZONA
              94 S.Ct.188 (1973)

PAGE 12       UNITED STATES v. MARION
              92 S.Ct. 455 (1971)

PAGE 13       DICKEY v. FLORIDA
              90 S.Ct 1564 (1970)

PAGE 15       UNITED STATES CONSTITUTION
              ARTICLE 6,CLAUSES 2 & 3 (FEDERAL SUPREMACY)

              TITLE 28 USCS §1738

PAGE 19       AVERY v. KANE GAS LIGHT AND HEATING CO.
              403 F.SUPP. 14 (1975)

PAGE 20       CELANESE CORP. OF AMERICA v. VANDALIA WARE-
              HOUSE CORP.
              424 FED.2d 1176 at 1180

PAGE 24       NOEL v. TOWN OF PLYMOUTH,MASS.
              895 F.SUPP.346 (D.MASS.1995)
----------------------------
EXHIBITS:
PAGE 11    AETNA INS.CO. v. DOE EX DEM.HALLOCK
           6 WALL 556, 18 L.Ed.948
           U.S.SUPREME COURT DECISION

                        #.
                        3.

Petitioner claims that WITHIN THE FOUR CORNERS OF HIS PETITION FOR (FEDERAL) WRIT OF HABEAS CORPUS AD SUBJICIENDUM AGAINST FALSE IMPRISONMENT IN STATE PRISON, that he has met the prerequites of stating MERITORIOUS CLAIMS and that he HAS EXHAUSTED HIS 'STATE' REMEDIES, by first filing his [I]DENTICAL HABEAS CORPUS CLAIMS, before the WORCESTER COUNTY SUPERIOR COURT, and the MASSACHUSETTS SUPREME JUDICIAL COURT FOR THE COUNTY OF SUFFOLK, wherein, in each court the Petitioner WAS NOT accorded his 4th, 5th,14th U.S. CONSTITUTIONAL AMENDMENTS rights and guarantees.

Petitioner claims that he has MET THE RIGHT TO HAVE THIS FEDERAL COURT TO ISSUE A SHOW CAUSE ORDER UPON THE RESPONDENT, STATE PRISON SUPERINTENDENT, AND SAID "ORDER" EXECUTED IN THE SOVEREIGNTY OF THE FEDERAL GOVERNMENT, COMMANDING A STATE OFFICIAL, WHO IS IN SERVICE OF THE STATE GOVERNMENT, TO BE AFFIXED WITH THE FEDERAL SEAL OF COURT AS MANDATED BY (TITLE 28 USCS §1691). (see ATTACHED EXHIBIT)

THE ERRONEOUS U.S.DISTRICT COURT'S
MEMORANDUM AND ORDER,"DISCUSSION"
(ERRONEOUS STATEMENT THAT SUMMARY
DISMISSAL) IS APPROPRIATE AND
VIOLATION OF FEDERAL LAWS
PURPORTEDLY NO ISSUE

The Honorable F.DENNIS SAYLOR IV, United States District Judge, appears to be standing in a pool of JUDICIAL BIAS (TITLE 28 USCS §144), when he has compelled this Petitioner to pay a DOUBLE-FILING-FEE (at $5.00 9/15/04)

4.

and again on (9/28/04), and although the FEDERAL LAW holds that the judge is obligated, BY STATUTE (28 USCS §2243) to ISSUE THE WRIT, or in the alternative, ISSUE A SHOW CAUSE ORDER TO THE RESPONDENT(S) STATE PRISON OFFICIALS.

Judge SAYLOR IV, intentionally delayed from the date of SEPTEMBER 15,2004 until OCTOBER 6th,2004, A PASSING OF [22] DAYS, in contempt of the Petitioner's 4TH, 5TH and 14TH FEDERAL CONSTITUTIONAL AMENDMENT(S) RIGHTS, and de-finitely IN CONTEMPT OF THE U.S.CONGRESSIONAL STATUTORY LAW GOVERNING HABEAS CORPUS ; TITLE 28 USCS §2243. CLEBURNE v. CLEBURNE LIVING CTR.,INC.,473 U.S.432,439 105 S.Ct.3249, 87 L.Ed.2d 313 (1985).

Judge SAYLOR IV seeing clear evidence of the facts and documentary proof, that the Petitioner has presented to the [S]TATE'S HIGHEST COURT (SJC), [h]is IDENTICAL HABEAS CORPUS CLAIMS, AND THE U.S.COURT OF APPEALS FOR THE FIRST CIRCUIT ruled that:

> "PETITIONER CORRECTLY ARGUES THE LAW
> OF EXHAUSTION REQUIRES ONLY THAT (HIS)
> [F]EDERAL [C]LAIMS BE [FIRST] PRESENTED
> TO THE [S]TATE COURTS. . . (HE) NEED
> NOT DEMONSTRATED THAT THOSE COURTS EITHER
> ADDRESSED OR DECIDED THEM.
> SMITH v. DIGMON,434 U.S.332(1978)."

READ page 5b in the Petition, citing WILLIAM v. HOLBROOK, 691 F.2d 15 (1982), stands as [t]he BAR AGAINST THE UNCONSTITUTIONAL/ILLEGAL "SUMMARY JUDGMENT" and "MEMORANDUM AND ORDER" on the 6th day of OCTOBER,2004,

5.

which is INUNDATED WITH INAPPOSITE AUTHORITIES OF CASE
LAWS AND CITATIONS FOR "(PROCEEDINGS IN FORMA PAUPERIS)"
and WRONGFUL APPLICATION and judicial obstruction of
access to the BENEFITS OF THE "GREAT WRIT" GUARANTEED
BY THE U.S.CONSTITUTION, after the manifestation of
EXHAUSTING HIS [F]EDERAL HABEAS CORPUS CLAIMS IN HIS
(S)TATE HIGHEST COURT, WITHOUT JUDICIAL COGNIZANCE IN
[T]HAT COURT.

The UNITED STATES SUPREME COURT mandated in:

ROSE v. LUNDY, 455 U.S.509,102 S.Ct.1198,
71 L.Ed.2d 379(1982)

(Requiring complete exhaustion of all claims
presented in a STATE PRISONER'S PROCEEDING FOR
HABEAS CORPUS PRIOR TO A FEDERAL DISTRICT COURT'S
CONSIDERATION OF THE PETITION).

ALSO AEE: LOWERY v. ESTELLE,696 F.2d 333(1983)

"AN ABSENCE OF JURISDICTION IN THE CONVICTING
COURT IS, AS (PETITIONER) CLAIMS, A BASIS FOR
FEDERAL HABEAS CORPUS RELIEF COGNIZABLE UNDER
THE DUE PROCESS CLAUSE."(14th AMEND.U.S.CONST.)
THEREFORE, the "SUMMARILY DISMISSED WITHOUT PREJUDICE"
NO LONGER TO BE SEEN AS A VALID ORDER. Petitioner ask
this HABEAS CORPUS COURT to issue the SHOW CAUSE ORDER
pursuant to TITLE 28 USCS §2243 et seq. upon the respon-
dent and ORDER THE CLERK/and DEPUTY CLERK(S) TO AFFIX
THE SEAL OF THE COURT upon said ORDER, pursuant to
TITLE 1 USCS §144; TITLE 28 USCS §1691.

6.

Petitioner, LEIGH M. OLSEN, respectfully moves this Honorable Court to respect the CASE LAW AUTHORITIES cited hereinabove, and below, and issue the "GREAT WRIT" commanding the respondent to RELEASE HIM FROM FALSE IMPRISONMENT FORTHWITH.

LANDMARK BANK v. MACHERA
736 F.SUPP.375 (D.MASS.1990)

"THE COURT MUST ACCEPT (PETITIONER'S) PROPERLY SUPPORTED ALLEGATION AS TRUE AND RESOLVE ALL FACTUAL DISPUTE IN (PETITIONER'S) FAVOR."

"(THIS COURT IS) REQUIRED, IN THE ABSENCE OF CONVINCING EVIDENCE TO THE CONTRARY, TO ACCEPT THESE ALLEGATION (WITHIN THE 4 CORNERS) AS TRUE."

Petitioner is ENTITLED TO AN EVIDENTIARY HEARING ON THE MERITS OF HIS HABEAS CORPUS CLAIMS. This Court is BOUND TO OBEY the decisions from the U.S.SUPREME COURT DECISION, MACHIBRODA v. UNITED STATES,368 US 487,7L.ed 2d 473, 82 S.Ct.510.

"NOT BY THE PLEADINGS AND AFFIDAVITS, BUT BY THE WHOLE OF THE TESTIMONY, MUST IT BE DETERMINED WHETHER THE PETITIONER HAS CARRIED HIS BURDEN OF PROOF AND SHOWN HIS RIGHT TO A DISCHARGE."

"IF THE ALLEGATIONS ARE TRUE, THE PETITIONER IS CLEARLY ENTITLED TO RELIEF"

"ACCORDINGLY, WE THINK THE FUNCTION OF 28 USC §2254 CAN BE SERVE IN THIS CASE ONLY BY AFFORDING THE HEARING WHICH ITS PROVISIONS REQUIRE."

7.

OCT.12,2004                           RESPECTFULLY SUBMITTED,

                                      LEIGH M. OLSEN
                                      Petitioner Pro Se
                                      NCCI P.O.Box 466
                                      Gardner, MA 01440

                          8.


ATTACHMENTS:

        EXHIBIT A and EXHIBIT A-1 reflect a "PROCEDURAL

ORDER"(a defacto) SHOW CAUSE ORDER pursuant to TITLE

28 USCS §2243 executed by JUDGE Nathaniel M. GORTON

United States District Judge, previously assigned to

this Central Section of the DISTRICT OF MASS.FEDERAL

DISTRICT. However, the 'JUDICIAL PROCESSES' signed by

the Hon. Judge N.M.Gorton, addressing prisoners'

FEDERAL HABEAS CORPUS and FEDERAL CIVIL COMPLAINTS,

were (in defacto) null and void, and in want/need of

compliance with the FEDERAL STATUTORY LAWS TITLE 1,USCS

§114 and TITLE 28 USCS §1691 (commanding):

        "SEAL AND TESTE OF PROCESS;"

        "ALL WRITS AND PROCESS ISSUING FROM A COURT
        OF THE UNITED STATES SHALL BE UNDER THE
 _      SEAL OF THE COURT AND SIGNED BY THE CLERK
        THEREOF."  (emphasis added)

(NOTE: The Hon. Judge F.DENNIS SAYLOR IV's PROCESS was
       mailed/executed WITHOUT [ANY] PERFORMANCE BY
       the clerk of court or any deputy-clerk, rendering
       the Judge's Process VOID ON ITS FACE, VOID FROM
       ITS BEGINNING, dated "6th DAY OF OCTOBER,2004".

4

the Commonwealth of Massachusetts, Attention: Pamela Hunt, Chief,
Appellate Division, One Ashburton Place, 18th Floor, Boston, MA
02108; and it is further

ORDERED that the Respondents shall, within 20 days of
receipt of this Order, file an answer (or other responsive
pleading) to the Petition for Writ of Habeas Corpus pursuant to
28 U.S.C. § 2254.


Dated at Boston, Massachusetts, this 26th day of July, 2001.

REC. ON:
AUG, 3, 2001
Sebastian Sires Ramirez

Nathaniel M. Gorton
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE



# Exhibit
## A-1

THIS "ORDER" IS VOID WHEN IT WAS
EXECUTED WITHOUT THE "SEAL"ON IT.
CLERKS'IGNORED STATUTORY LAW:

# United States District Court

28 USCS ———————— DISTRICT OF __MASSACHUSETTS__
**[MANDATORY]**
§ 1691.  Seal and teste of process     PROCESS
All writs and process issuing from a court of the United States shall be
under the seal of the court and signed by the clerk thereof.

Judicial
Authentication
only by

AUTHENTICATION



The Seal
of the
Court

JUNE 18, 1992
Date

ROBERT J. SMITH, JR.
Clerk

(By) Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LEIGH M. OLSEN,                        )
                Petitioner,            )
                                       )
         v.                            )    C.A. No. 04-40178-FDS
                                       )
STEVEN O'BRIEN, et al.,                )
                Respondents.           )

### MEMORANDUM AND ORDER

On September 3, 2004, petitioner submitted for filing a pro
se petition for writ of habeas corpus.  For the reasons set forth
below, the petition is summarily dismissed without prejudice.

### BACKGROUND

Petitioner, an inmate at NCCI Gardner, submitted for filing
his self-prepared pleading titled "Petition for Writ of Habeas
Corpus Ad Subjiciendum Against False Imprisonment in State
Prison."  See Petition.  Petitioner seeks immediate release and
brings his claims under the federal constitution and 28 U.S.C. §§
2243, 2254.  Id.  The petition is accompanied by several exhibits
including copies of various documents that were issued in
petitioner's state criminal proceedings and more recent state
civil proceedings.  See Exhibits.

Petitioner alleges that on June 26, 1997, he was arrested by
police after voluntarily appearing at a police station.  See
Petition, pp. 6, 7.  Petitioner complains that his incarceration
violates numerous state and federal statutes because (1) the
warrants of commitment lacked the personal signature of a judge

1

and the wafer seal of the court; (2) he was placed in police custody despite the fact that he appeared voluntarily; (3) the police failed to lodge a valid criminal complaint; (4) the criminal complaint lacked the wafer seal of the court; (5) the indictments which charged him were not properly authenticated with the court's wafer seal; (6) the prosecutors delayed petitioner's trial; and (7) the trial court lacked competent jurisdiction to render judgment because the denial of a speedy trial should have led to the dismissal of the indictments. Id. at pp. 1-3, 6-7, 16-18.

DISCUSSION

I.    Filing Fee

A party filing a habeas corpus petition must either (1) pay the $5 filing fee for habeas corpus actions or (2) file an application to proceed without prepayment of fees. See 28 U.S.C. § 1914(a) (fees); § 1915 (proceedings in forma pauperis). Here, petitioner did pay the filing fee or file an application to waive the filing fee. Because the petition is subject to summary dismissal, see infra., ¶ II, petitioner will not be granted additional time to either pay the filing fee or file an application to waive the filing fee.

II.    Habeas Petition

A.    Standard of Review

Under Rule 4(b) of the Rules Governing Section 2254

2

Proceedings, the Court is required to examine a petition, and if it "plainly appears from the face of the motion. . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal."  Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face).  A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law.  28 U.S.C. § 2243; Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994).

Brevis disposition is appropriate if the petition and submitted materials make plain that the petitioner suffered no harm that is remediable under federal law.  Mahoney v. Vondergritt, 938 F.2d 1490, 1494 (1st Cir. 1991), cert. denied, 502 U.S. 1104, 112 S. Ct. 1195, 117 L. Ed. 2d 436 (1992) (footnote omitted).  The liberal concept of notice pleading has been rejected in the context of habeas corpus petitions, for the petition is expected to state facts that point to a "real possibility of constitutional error."  Aubut v. State of Maine, 431 F. 2d 688, 689 (1st Cir. 1970), cited in Advisory Committee's Note to Rule 4, Rules Governing Habeas Corpus Cases, 28 U.S.C. § 2254 foll. (1976); Blackledge v. Allison, 431 U.S. 63, 75 n. 7, 97 S. Ct. 1621, 1629-30 n. 7, 52 L. Ed. 2d 136 (1977).

3

B.    The Petition is Subject to Summary Dismissal

The instant petition fails to state any viable claims that petitioner is in custody in violation of the United States Constitution.  Petitioner has failed to point to a particular constitutional provision that he contends is violated and provides no discussion of how the alleged facts might violate any federal constitutional right, as opposed to state law.[1]  The facts alleged by petitioner are not sufficient to state a claim for violation of the federal constitution.  See Mosley v. Moran, 798 F.2d 182, 185 (7th Cir. 1985) ("only violations of federal statutory or constitutional law can be the basis for granting federal habeas relief").

Petitioner alleges that the prosecutor intentionally delayed the petitioner's trial between June 26, 1997 and May 26, 1998. See Petition, p. 7.  To the extent this allegation can be construed as a speedy trial claim,[2] petitioner has not alleged exhaustion of his state court remedies.  An application for a writ of habeas corpus may not be granted unless the applicant has

---

[1]Petitioner has no federal constitutional right to have state courts abide by state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (federal habeas relief unavailable for violations of state law or for alleged error in the interpretation or application of state law).

[2]The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...." U.S. Const. amend. VI.

4

exhausted the remedies available in the courts of the State. <u>See</u> 28 U.S.C. § 2254(b)(1)(A). To meet this requirement, petitioner must demonstrate that he offered his federal claims to the state court in such a way "as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." <u>See</u> <u>Adelson v. Dipaola</u>, 131 F.3d 259, 262 (1st Cir. 1997) (quoting <u>Scarpa v. DuBois</u>, 38 F.3d, 1, 6 (1st Cir.1994)). Here, petitioner has not alleged that he has exhausted his available state remedies, and his petition is thus subject to dismissal. <u>See</u> <u>Allicon v. Spencer</u>, 29 F. Supp. 2d 45, 49 (D. Mass. 1998).

<u>ORDER</u>

For the foregoing reasons, it is hereby ORDERED

1.    The petition for writ of habeas corpus is summarily dismissed without prejudice. <u>See</u> Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.

SO ORDERED.

Dated at Worcester, Massachusetts, this 6th day of October, 2004.

F. DENNIS SAYLOR IV
UNITED STATES DISTRICT JUDGE