IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL SECTION
WORCESTER

| | |
|---|---|
| LEIGH M. OLSEN, | ] |
| PETITIONER, | ] HABEAS CORPUS |
| | ] ACTION NUMBER |
| VS. | ] 4:04-cv-40178-FDS |
| STEVEN O'BRIEN, | ] OCTOBER 26, 2004 |
| SUPT. NCCI, | ] |
| KATHERINE DENNEHY, | ] |
| COMMISSIONER, | ] |
| MASS DEPT OF CORRECTION, | ] |
| RESPONDENTS. | ] |

PETITIONER'S MOTION AGAINST
SUMMARY JUDGMENT NOT GIVING TEN
DAYS ADVANCE NOTICE AS U.S. COURT
OF APPEALS MANDATED IN §2254 CASES

Now comes LEIGH M. OLSEN, Petitioner, Pro Se, and moves this Honorable Court to [r]ecent its MEMORANDUM AND ORDER issued (unauthenticated by the Clerk of Court TITLE 1, USCS §114; TITLE 28 USCS §1691), where in the Court issued summary judgment without prejudice, dismissing the FEDERAL HABEAS CORPUS CLAIMS, prematurely and in violation of the laws established by the UNITED STATES COURT OF APPEALS, ruling against ad hoc ex parte dismissals of a petitioner's habeas corpus.

READ:

> <u>JONES v. ESTELLE</u> 692 F. 2d 380 (1982)
>
> At page 384:

"FAILURE TO GIVE HABEAS (CORPUS) PETITIONER TEN (10) DAYS NOTICE PREVENTS ENTRY OF SUMMARY JUDGMENT AGAINST PETITIONER. . ."
(emphasis added)

THE SUPREME COURT OF THE UNITED STATES

<u>HOWLETT BY AND THROUGH HOWLETT v. ROSE</u>
<u>110 S. Ct. 2430 (1990)</u>

At page 2432:

"(b)   Under the SUPREMACY CLAUSE . . . such a court <u>MAY NOT A FEDERAL RIGHT, WHEN THE PARTIES AND CONTROVERSY ARE PROPERLY BEFORE IT, IN THE ABSENCE OF A "VALID EXCUSE"</u>.

"An excuse THAT IS INCONSISTENT WITH OR VIOLATES FEDERAL LAW IS NOT A VALID EXCUSE . . ."
(emphasis added)

<u>POWELL v. LIVESAY</u>
660 F. SUPP. 82 (N.D. TENN. 1987)

"* * * TO HOLD THAT A PETITIONER IS STILL PRECLUDED FROM PURSUING HIS REMEDY IN FEDERAL COURT <u>REDUCED THE GREAT WRIT TO A SHAM AND MOCKERY</u>. . . AN INORDINATE AND UNJUSTIFIED DELAY . . . BE SUCH A CIRCUMSTANCE AS TO RENDER THAT (HABEAS CORPUS) PROCESS INEFFECTIVE."
(emphasis added)

<u>ATKINS v. SINGLETARY</u>
965 F. 2d 952 (11th Cir. 1992)

At page 958:

"A petitioner [IS] ENTITLED TO AN EVIDENTIARY HEARING IF HE ALLEGES FACTS WHICH, IF TRUE, WOULD WARRANT HABEAS CORPUS RELIEF." And we MUST ACCEPT AS TRUE THE FACTUAL ASSERTIONS MADE BY A HABEAS PETITIONER . . ."

OCTOBER 26, 2004

Respectfully submitted,

LEIGH M. OLSEN
Petitioner Pro Se
NCCI, P.O. BOX 466
500 Colony Road
Gardner, MA 01440-0466
W64686

3.