UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LEIGH M. OLSEN,

     PETITIONER,

VS.

STEVEN O'BRIEN
SUPT.N.C.C.I. AT GARDNER,MA

     RESPONDENT.

CIVIL ACTION
HABEAS CORPUS ACTION

NO.4:04-40178-FDS

NOVEMBER 3, 2004

PETITIONER'S MOTION INVOKING
MANDATORY AUTHORITIES BY THE U.S.
SUPREME COURT AND OTHER FEDERAL COURTS
IN THESE HABEAS CORPUS PROCEEDINGS

Now comes LEIGH M. OLSEN, the Petitioner, Pro Se, and respectfully moves this Honorable Court to take judicial cognizance of the mandatory authorities of law and court decisions, which are STARE DECISIS:

     O'CONNOR v. ORTEGA 107 S.Ct.1492(1987)

     At page 1502:

     "INDEED, IN MANY CASES, PUBLIC EMPLOYEES ARE ENTRUSTED WITH TREMENDOUS RESPONSIBILITY,AND THE CONSEQUENCES OF THEIR MISCONDUCT OR IN-COMPETENCE TO BOTH THE (COURT) AND THE PUBLIC INTEREST CAN BE SEVERE."

     "THEREFORE, PUBLIC (CLERKS OF COURTS). . . HAVE A DIRECT AND OVERRIDING INTEREST (AND OBLIGATION) IN ENSURING THAT THE WORK OF THE (COURT AND JUDGES) IS CONDUCTED (AND EXECUTED) IN A PROPER AND EFFICIENT MANNER." (emphasis added)

1.

**28 USCS**

## CHAPTER 57.   GENERAL PROVISIONS APPLICABLE TO COURT OFFICERS AND EMPLOYEES

Section
951.   Oath of office of clerks and deputies

**28 USCS § 951**                    COURT OFFICERS AND EMPLOYEES

### § 951.   Oath of office of clerks and deputies

Each clerk of court and his deputies shall take the following oath or affirmation before entering upon their duties: "I, _____ having been appointed _____, do solemnly swear (or affirm) that I will truly and faithfully enter and record all orders, decrees, judgments and proceedings of such court, and will faithfully and impartially discharge all other duties of my office according to the best of my abilities and understanding. So help me God."
(June 25, 1948, ch 646, § 1, 62 Stat. 925.)

## PROCESS

# 28 USCS 𝕿𝖍𝖊 𝕾𝖊𝖆𝖑 𝖔𝖋 𝖙𝖍𝖊 𝕮𝖔𝖚𝖗𝖙

### § 1691.   Seal and teste of process

All writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof.

Dated at Boston, this    23rd

day of    May    , 19 91





ROBERT _____
Clerk

By _____
Deputy Clerk

Neil Grace

# The "Reality" of Prisoner Litigation:
## Current Habeas Corpus Issues
### IMPRISONMENT ILLEGAL
### UNDER COLOR OF LAW

## EAST v. SCOTT
Cite as 55 F.3d 996 (5th Cir. 1995)
## 55 FEDERAL REPORTER, 3d SERIES

### 1. Habeas Corpus

Opportunity for evidentiary hearing in federal habeas corpus proceeding is mandatory only when there is factual dispute which, if resolved in petitioner's favor, would entitle petitioner to relief and petitioner has not received full and fair evidentiary hearing in state court. 28 U.S.C.A. § 2254.

LANDMARK BANK v. MACHERE
736 F.SUPP.375 (D.MASS.1990)

"THE COURT MUST ACCEPT (PETITIONER'S)

PROPERLY SUPPORTED ALLEGATIONS AS TRUE

AND RESOLVE ALL FACTUAL DISPUTE(S) IN

(PETITIONER'S) FAVOR." "(THE COURT) IS REQUIRED

IN THE ABSENCE OF CONVICING EVIDENCE TO THE

CONTRARY, TO ACCEPT THESE ALLEGATIONS AS TRUE."

4.

# IN THE
# SUPREME COURT OF THE UNITED STATES

## SEALS

Research References
68 Am Jur 2d, Seals §§ 1-1
ALR Digests: Seal, §§ 1-4

Cited in: UNITED STATES SUPREME COURT
CASES
SUPREME COURT DIGEST, VOL. 14.

"WRITS AND PROCESSES"

A GEM
SMALL
EXPENSIVE
AND
INVALUABLE

PROCESS

DISTRICT COURTS;
CLERKS

Federal courts sit to enforce federal law;
and federal law extends to the process issuing
from those courts. Rea v United States, 350
US 214, 76 S Ct 292,

100 L Ed 233

AETNA INS. CO. v. DOE ex dem. HALLOCK,
(ATNA INS.CO. v. HALLOCK)
6 WALL 556, 18 L.Ed. 948

Any process issuing from a court which by
law is required to authenticate such process
with its seal is void if issued without a seal.
Aetha Ins. Co. v Doe ex dem. Hallock (Aetna
Ins. Co. v Hallock) 6 Wall 556,

18 L Ed 948

## § 1691.  Seal and teste of process

All Writ and Process issuing from a court of the United States shall be
under the seal of the court and signed by the clerk thereof.

CELANESE CORP. OF AMERICA v. VANDALIA WAREHOUSE CORP.

We are therefore compelled to consider this fustian objection and conclude that because of the deficiency of the attempted certification, this document was not properly authenticated and should not have been admitted into evidence.

[9]  Rule 44 of the Federal Rules of Civil Procedure governs proof of official documents such as Exhibit 15.  That rule contains specific standards for authentication of domestic records in paragraph (a) (1) as well as the further incorporation of existing federal and state law in paragraph (c).[3]  In this case, the absence of any appropriate seal from this exhibit precludes compliance with the procedures established in Rule 44(a)(1).  See Van Cedarfield v. Laroche, 252 F.2d 817, 820–821 (1st Cir. 1958).  In addition, Celanese has disclosed no statutory or common law rule, federal or state, which would dispose of the need of authentication as a requisite to the admis-sion of a copy of an official document.  Cf., e. g., 28 U.S.C. §§ 1732(b), 1733(b); Mullican v. United States, 252 F.2d 398, 400–404 (5th Cir. 1958); Yaich v. United States, 283 F.2d 613, 617 (9th Cir. 1960).  Nor has Celanese produced any support for the authenticity of the certification of Exhibit 15 by the "Certifying Officer" without the affixation of the appropriate governmental seal of which judicial notice could be taken.  See Smith v. United States, 30 U.S. (5 Pet.) 292, 300–301, 8 L.Ed. 130; cf. Ill.Rev. Stat., Ch. 51, §§ 16, 18 (1969); see also V, VII Wigmore, Evidence, §§ 1679, 2164 et seq. (1940); McCormick, Law of Evidence, § 186, p. 398 (Hornbook Series, 1954); Preliminary Draft of Proposed Rules of Evidence for the United States District Courts, Rule 9–02.  The lack of any seal therefore barred the authentication of Exhibit 15 by the purported certification contained thereon.  The document was not entitled to admission into evidence on that basis and it was error to have admitted it.

## AUTHENTICATION

## § 1691.  Seal and teste of process

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

1995



ROBERT ... SMITH

CLERK

BY DEPUTY CLERK

### CHAPTER 113—PROCESS

Sec.
1691.  Seal and teste of process.

§ 1691.  Seal and teste of process

All writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof.

## IN RE GRAND JURY PROCEEDINGS

Cite as 503 F.Supp. 9 (1980)

was an "order of a court naving jurisdiction to issue such an order", in view of the fact that although signed by the clerk under the seal of the court, it was

> U.S.C. § 1691 *directs* that:
>
> "All writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof."

"Order of a court" may be oral, may be a paper bearing the word "order" and signed by a judge

An "order of a court" may be oral, as in *Comm. of Pennsylvania v. Local Union 542, (Appeal of Freedman)*, 552 F.2d 498 (CA 3, 1977). It may be a paper, bearing the word "ORDER", signed by a judge or other judicial

IN THE

SUPREME COURT OF THE UNITED STATES

The Seal of the Court



A GEM
SMALL
EXPENSIVE
AND
INVALUABLE

SEALS

A process issuing from a court and is not a writ within a Federal statute providing that all writs and processes issuing from courts of the United States shall be under the seal of the court from which they issue, shall be signed by the clerk thereof, and shall bear teste of the judge or of the clerk. Chisholm v Gilmer, 299 US 99, 57 S Ct 65,

**81 L Ed 63**

Wax is not necessary to the validity seal. It is the seal which authenticates, and not the substance on which it is impressed; and where the court can recognize its identity, it should not be called upon to analyze the material which exhibits it. Pillow v Roberts, 13 How 472,

14 L Ed 228

In the absence of positive law prescribing otherwise, a seal imposed directly on paper in such a manner as to be readily identified upon inspection is sufficient without wax. Pierce v Indseth, 106 US 546, 1 S Ct 418,

27 L Ed 254

*EXHIBIT*

AO 450 (Rev. 5/85)    Judgment in a Civil Case    ⊕

# United States District Court

DISTRICT OF __MASSACHUSETTS__

### JUDGMENT IN A CIVIL CASE

v.

MICHAEL V. FAIR ET AL        ~~CASE NUMBER:~~    CA 87-0741-H

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED,

PURSUANT TO COURT'S ALLOWANCE OF DEFENDANTS'
MOTION TO DISMISS ON JUNE 16, 1992,

JUDGMENT ENTERED FOR DEFENDANTS MICHAEL V. FAIR
ET

SO ORDERED.



Exhibit
_____

JUNE 18, 1992
Date

ROBERT J. SMITH, JR.
Clerk

(By) Deputy Clerk

9.

PLYMOUTH, SS.

**A WINNER!**

DISTRICT COURT
JURY OF SIX
NO.  89 JC 0498

*NO WAFER-SEAL AFFIXE
NO JUDGE'S SIGNATURE ON MITTIMU*

COMMONWEALTH

V.

KEVIN HAGGINS

)
)
)
)
)
)
)
)

DEFENDANT'S SUPPLEMENTAL
MEMORANDUM IN SUPPORT OF HIS
MOTION TO DISMISS FOR FAILURE
TO COMPLY WITH REQUISITES OF
STATE LAWS

Exhibit
4

## WHETHER A SEAL OF THE COURT IS REQUIRED ON THE COMPLAINT

In a criminal case, any defense or objection based upon defects in the institution of the prosecution or in the complaint or indictment . . . shall only be raised prior to trial.  G.L. c. 277, s. 47A.  The Massachusetts Constitution expressly states that all writs shall be under seal of the court which issued the writ.  Massachusetts Constitution, Part 2, c. 6, Article V.  The defendant states that the complaint under which he was being held was not affixed with the seal of the court.

**1./ HAGGINS CONSENTED TO TIME SERVED SO JAILER COULD ESCAPE CIVIL LIABILITIES.  HAGGINS WENT HOME.**

*See Reverse Side →*

ambiguity in the statute ought to be resolved in favor of the defendant. The mittimus under which the defendant was held in custody at Plymouth was signed by the assistant clerk.

## WHETHER THE SHERIFF MUST BE IN POSSESSION OF THE MITTIMUS TO LAWFULLY HOLD THE DEFENDANT IN CUSTODY

Mr. Haggins states that he was held in the custody of the sheriff under a mittimus issued previous to the mittimus dated August 31, 1933. A sheriff must keep in his files any mittimus under which a prisoner is committed. G.L. c. 127, s. 7. The sheriff's office in the present action, pursuant to subpoena, deposited with the clerk-magistrate's office the papers relevant to Mr. Haggins custody. The only mittimus among those papers was the mittimus dated August 31, 1988. Therefore, Mr. Haggins detention was unlawful.

Kevin Haggins
By his attorney:

Joseph T. Shannon
Suite 811N
1250 Hancock Street
Quincy, MA 02169
(617) 770-0555

*See Reverse Side*

11.

LEIGH M. OLSEN
NCCI P.O. BOX 466
500 COLONY ROAD
GARDNER, MA 01440-0466

WL4686

IN RE: DOCKET NO.4:04-40178-FDS

CLERK OF COURT
UNITED STATES DISTRICT COURT
595 MAIN STREET, ROOM 502
WORCESTER, MA 01608

MAILED ON THURSDAY
NOVEMBER 4, 2004