UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LEIGH M. OLSEN, | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. |
|  | ) | 04-40178-FDS |
| STEVEN O'BRIEN, et al., | ) | |
| Respondents. | ) | |

**ORDER**

**SAYLOR, J.**

Petitioner Leigh M. Olsen, an inmate at NCCI Gardner, filed a *pro se* petition for a writ of habeas corpus on September 3, 2004. On October 6, 2004, the court issued an order dismissing Olsen's petition, without prejudice, for failure to state any viable claims that he is in custody in violation of the United States Constitution and for failure to exhaust his state court remedies.

On October 21, 2004, Olsen filed a motion to vacate the court's dismissal of his habeas petition along with a motion for "prompt adjudication" of his case. On October 29, 2004, Olsen filed an additional motion challenging the Court's dismissal of his habeas petition because he was not given ten days advance notice of the dismissal. On November 2, 2004, Olsen filed a notice of appeal to the First Circuit Court of Appeals. On November 8, 2004, Olsen filed a motion "invoking mandatory authorities" of various federal court decisions.

In his October 21, 2004 motion, Olsen alleges that the order of dismissal was fatally defective because (1) the clerk of the court failed to affix the court's seal on the order, (2) his habeas petition did state with particularity the basis for his habeas petition, (3) he has in fact

exhausted his state claims, (4) the court demonstrated judicial bias by ordering him to pay the filing fee twice, and (5) the court intentionally delayed his habeas petition.

As proof that he exhausted his state court remedies, Olsen's October 21 motion contains a lengthy list of federal constitutional provisions, statutes, and case citations. Olsen claims he presented these same authorities in identical habeas corpus claims to the Worcester County Superior Court and the Massachusetts Supreme Judicial Court.

As explained in the order of dismissal, Olsen, as the petitioner, bears the heavy burden of demonstrating that he has exhausted all state remedies before seeking federal habeas review. *See Adelson v. Dipaola*, 131 F.3d 259, 262 (1st Cir. 1997). A general allegation that the petitioner exhausted his state remedies is not sufficient to avoid dismissal of the habeas petition. To meet the exhaustion requirement, the petitioner must demonstrate that he offered his federal claims to the state courts in such a way "as to make it probable that a reasonable jurist would have been altered to the existence of the federal question." *See id.* (quoting *Scarpa v. DuBois*, 38 F.3d 1, 6 (1st Cir. 1994)). Olsen's list of federal constitutional provisions, statutes, and case citations is insufficient to demonstrate that he fairly presented the substance of his federal claims to the state courts in a way that would have alerted them to the presence of a federal question and, therefore, does not satisfy the exhaustion requirement.

Moreover, neither Olsen's habeas petition nor his October 21 motion to vacate its dismissal allege that the Worcester County Superior Court or the Massachusetts Supreme Judicial Court had an opportunity to rule on his state habeas petitions. *See Vasquez v. Hillery*, 474 U.S. 254, 257 (1986) (exhaustion requires that state courts be afforded a meaningful opportunity to consider the petition). Olsen merely asserts that he filed petitions with the state courts and that

they refused to enforce federal law or provide him with his constitutional rights and guarantees. In his notice of appeal, Olsen admits that he filed his habeas petition with the Massachusetts Supreme Judicial Court and, after waiting several weeks and receiving no response, he then filed his federal habeas petition. Consequently, it is unclear whether the state courts had a meaningful opportunity to consider his petition without interference from the federal judiciary.

Given the aforementioned authorities, Olsen has not met his burden to demonstrate that he has exhausted his state remedies as required pursuant to 28 U.S.C. § 2254(b)(1)(A). Accordingly, the remaining claims in his October 21, 2004 motion are moot. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (total exhaustion rule requires dismissal of habeas petitions containing both exhausted and unexhausted claims).[1]

Olsen's October 29, 2004 motion cites additional grounds for vacating the dismissal, namely that the court was required to provide him with ten days' notice before issuing the dismissal pursuant to *Jones v. Estelle*, 692 F.2d 380 (2nd Cir. 1982). In *Jones*, the court considered an appeal of a dismissal under Rule 9(b) of the Rules Governing § 2254 Cases, which allows judges to dismiss repetitive or abusive habeas petitions. *Id.* Before dismissal pursuant to Rule 9(b), the *Jones* court held that the petitioner must be given ten days' notice to provide him with an opportunity to submit additional materials or arguments to the court which might defeat summary judgment. *Id.* at 384.

The *Jones* case is readily distinguishable from the present case. First, Olsen's habeas petition was not dismissed pursuant to Rule 9(b). His petition was, instead, dismissed without

---

[1] To the extent that Olsen's November 8 motion invoking "mandatory authorities" by the United States Supreme Court and other federal courts may be construed as stating additional grounds for reconsideration of his habeas petition, these claims are also moot.

prejudice for failure to exhaust state remedies pursuant to Rule 4 of the Rules Governing § 2254 Cases. Unlike the failure to provide new facts or arguments in a successive habeas petition, a failure to exhaust state remedies cannot be cured in a ten-day period. Second, and more importantly, the Supreme Court in *Rose v. Lundy* required that district courts dismiss habeas petitions with unexhausted claims without prejudice. *Rose*, 455 U.S. at 522. Rose does not contain any requirement for prior notice to the petitioner before such a dismissal. *See id.*

For the foregoing reasons, Olsen's (1) October 21, 2004 motion to vacate the court's dismissal of his habeas petition, (2) October 21, 2004 motion for "prompt adjudication" of his case, (3) October 29, 2004 motion challenging the dismissal for failure to give ten days advance notice, and (4) November 8, 2004 motion "invoking mandatory authorities" are DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: November 12, 2004